[S. F. No. 7912. Department Two.—January 25, 1918.]

ISABELLE L. PEARL, Administratrix, etc., Respondent, v. JAMES H. PEARL, Appellant.

TRUST—BREACH OF TRUST—ACTION—PLEADINGS—COMPLAINT.—A complaint, which alleges that the intestate of whose estate the plaintiff is administrator, conveyed real property to the defendant without consideration, upon defendant's promise to hold the same in trust during the decedent's life, or to convey it on the decedent's direction, and upon his death to share it equally with the decedent's heirs, that defendant's promise was made without any intention of keeping it, that, about five years later, the decedent, while

too aged, ill, and weak to understand the nature of his acts, and in fact not understanding the nature of his acts, executed a quit-claim deed of the same property to the defendant, that about a year later the defendant sold the property without the knowledge or consent of the defendant and converted the purchase price to his own use, and that the defendant has received large sums as income from the property and has failed to account, and refuses to account, states a cause of action for breach of trust, and a demurrer thereto is properly overruled.

ID.—ACTION FOR BREACH OF TRUST—PARTIES—ADMINISTRATOR OF DE-CEASED TRUSTOR AS PLAINTIFF.—The administrator is the proper party plaintiff in an action against a trustee, to secure to the estate of a deceased trustor property sold by the trustee in the lifetime of the trustor and in violation of the trust.

ID.—STATUTE OF LIMITATIONS—REPUDIATION OF TRUST.—In an action by the administrator of the estate of a deceased trustor against the trustee, for an alleged breach of trust, consisting of a sale by the trustee of the trust property, without authority, and in violation of the terms of the trust, during the trustor's lifetime, and the con-version of the proceeds to the defendant's own use, without the trustor's knowledge, and while the trustor was of unsound mind, the statute of limitations did not begin to run until the trust was repudiated when the trustee sold the property.

ID.—INSANITY OF TRUSTOR—FINDING OF COURT.—In an action for breach of trust against the trustee of a trust created by a deceased trustor, where the complaint alleges that at the time of the breach of trust, consisting of an unauthorized sale of the trust property, and the conversion of the proceeds by the trustee, the trustor was of un-sound mind and that he so remained until his death, a finding by the court that he was incapable of caring for his property, or transacting business or understanding the nature of his acts, was equivalent to a finding, in express terms, that he was insane within the meaning of the statute of limitations, and the statute did not run against him during his incapacity.

ID.—PROMISE MADE WITHOUT INTENT TO PERFORM—FAILURE TO FIND—IMMATERIAL WHERE EXPRESS TRUST ALLEGED.—In an action for breach of trust, where the complaint alleges and the court finds an express trust and a breach thereof, the failure of the court to find whether the promise of the trustee to perform the trust, was or was not made without the intention of performing the same is immaterial.

ID.—APPEAL—HARMLESS RULING ON EVIDENCE.—Where objection to a question asked a witness was overruled upon the ground that the evi-dence was admissible, solely for the purpose of showing the mental condition of the deceased maker of a deed at the time, and the answer did not at all tend to show that the deceased was of unsound mind, but it was not clear from the record that the question might not have elicited something appropriate to that issue, and no motion

was made to strike out the answer, and the record does not show that the court did not cure the error, if any, by an instruction to the jury, or otherwise, the admission of the evidence was not prejudicial.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Edward E. Cothran, for Appellant.

Louis O'Neal, Wm. F. James, and James P. Sex, for Respondent.

WILBUR, J.—This is an appeal from a judgment for plaintiff rendered after a verdict by a jury on special issues and the decision by the court adopting said verdict. The action is brought by the plaintiff to compel an accounting from the defendant of the proceeds of the sale of certain real estate therein described. The complaint alleges that the defendant is the son of John Q. Pearl, deceased; that the said decedent, on April 28, 1902, executed a deed to the defendant to all his real estate, without consideration, upon defendant's promise to take and hold the same in trust during the lifetime of decedent for the use and benefit of decedent, or to convey according to the direction of decedent, and upon his death to share the property equally with the heirs at law of said decedent; that said promise was made by defendant without any intention of keeping or performing the same; that on February 4, 1907, without consideration, decedent executed a quitclaim deed to defendant of said property; that at the time decedent executed the same he "was aged and ill in body and mind, and physically and mentally weak, and incapable of understanding the nature or effect of his acts, and incapable of transacting business, and did not, in fact, understand the nature or effect of his said acts in so executing, in form, said last-mentioned deed . . . and said John Q. Pearl from thenceforth continued to be, and was at the time of his death, so weak and ill in body and mind, and incapable of caring for his property, or transacting business, or understanding the nature or effects of his acts"; that on July 22, 1908, the defendant without direction, consent, or knowledge

CLXXVII Cal.—20

of the decedent, sold the property; that the defendant received and converted to his own use and benefit the purchase price, the exact amount of which was unknown to plaintiff; that the defendant received large sums of money as income from said premises and converted the same to his own use and benefit, and has failed and refused to account therefor, either to the deceased or to the plaintiff. The jury found, and the court adopted its findings, that the foregoing allegations of the complaint were true, except that there was no finding on the allegation that the promise to hold the property in trust made by the defendant to the decedent was without any intention of keeping or performing the same. The judgment of the court was for the sum of five thousand dollars, proceeds of the sale of said real estate. The complaint stated a cause of action for a breach of trust. Defendant was not prejudiced by the overruling of the demurrer. Appellant claims that the administratrix does not have the capacity to sue; that under the trust fund, the beneficiaries, the heirs, alone have power to sue, and cites in support thereof the case of *James* v. *Throckmorton,* 57 Cal. 368; but in the case at bar the property was sold in violation of the trust, and the action is based upon said breach of trust and is to secure to decedent's estate the proceeds of such sale. The right of action arose at once upon the breach of trust (*Norton* v. *Bassett,* 154 Cal. 411, [129 Am. St. Rep. 162, 97 Pac. 894], and the administratrix is the proper party to enforce that right. (Code Civ. Proc., secs. 1452, 1581, 1582, 1583; *Collins* v. *O'Laverty,* 136 Cal. 31, [68 Pac. 327].)

The transcript in this case contains what purports to be a verdict. This document is not signed by the foreman of the jury as required by section 618 of the Code of Civil Procedure. As the verdict is not certified as a part of the judgment-roll the point that the verdict is not signed is not properly before us; neither is the alleged discrepancy between the verdict and the copy thereof contained in the findings.

As to the statute of limitations. This action is based upon the breach of an express trust. The statute did not begin to run until the trust was repudiated in 1908, when the property was sold by the defendant. It was alleged and found that at that time the decedent was of unsound mind and that he remained so until the time of his death. It is true that the

complaint and findings use the language hereinbefore stated
and do not use the words "unsound" or "insane," but the
finding that he was incapable of caring for his property or
transacting business or understanding the nature or effects
of his acts, was equivalent to a finding in express terms that
the deceased was insane within the meaning of the statute
of limitations. (Code Civ. Proc., sec 352, subd. 2; *Crowther* v.
*Rowlandson,* 27 Cal. 376; *Clarke* v. *Irwin,* 63 Neb. 539, 547, [88
N. W. 783] ; *Barlow* v. *Strange,* 120 Ga. 1015, [48 S. E. 344] ;
22 Cyc. 1109.) The statute did not run against him during
the period of his incapacity.

Error is claimed because of the failure of the court and
jury to find upon the issue as to whether or not the promises
of the defendant concerning the performance of the trust
were made without the intention to perform the same and
therefore fraudulent. The complaint alleges an express
trust, and whether or not the promise of the trustee was made
with or without the intention of performing the same is
immaterial.

Two exceptions are contained in the bill of exceptions to
questions and answers as follows: "What was the object and
purpose stated by your father, John Q. Pearl, in making the
deed of April 28, 1902, of said property to defendant?" De-
fendant objected to the question and evidence upon the
ground that the same was incompetent. The court thereupon
ruled that the said evidence was admissible solely for the pur-
pose of showing the mental condition of said John Q. Pearl
at the time of the making of said deed of April 28, 1902, and
overruled the objection. Plaintiff answered: "Father told
me he had deeded the Merced ranch to the defendant in
trust—in a deed of trust." It is true that the answer to this
question did not at all tend to show that the decedent was of
unsound mind, but it is not clear that the question might not
have elicited something appropriate to that issue. No mo-
tion to strike out was made. Plaintiff was also asked to state
what she knew of the quitclaim deed of said property dated
February 4, 1907, to defendant. Appellant objected to said
question upon the ground it was incompetent. The court
overruled the objection. The plaintiff then testified as fol-
lows: "I said to father: 'Jim [defendant] said he had a quit-
claim deed to the Merced ranch.' Father said: 'Lizzie
[plaintiff] if he has it I know nothing about it.'" No motion

to strike out was made. The question did not specifically call for a conversation, and her answer might have been competent. Assuming that there was error in the rulings on the objections to said questions, it is impossible, from the record, to say that they were prejudicial. For aught that appears the court may have instructed the jury to disregard this evidence, and in support of the judgment it must be assumed that the court did so instruct the jury.

Judgment affirmed.

Melvin, J., and Shaw, J., concurred.

Rehearing denied.