[Civ. No. 3753.   First Appellate District, Division Two.—May 13, 1921.]

ITALIAN AMERICAN BANK (a Corporation), Respondent, v. LUIGI CANEPA et al., Appellants.

[1] HUSBAND AND WIFE—DEED OF TRUST OF COMMUNITY PROPERTY—WANT OF CONSENT OF WIFE—VALIDITY AS TO HUSBAND—EJECTMENT.—A deed of trust of community property made by the husband without the consent of the wife prior to the enactment of section 172a of the Civil Code was good as against the husband under section 172 of such code, and he could not, in an action of ejectment brought by the purchaser under the deed of trust to which the wife was not made a party, set up her want of consent.

[2] EJECTMENT — LIABILITY FOR RENT. — Where, under the circumstances, the husband deprived the purchaser under the deed of trust of the use and value of the property, he was liable for its rental value, and could not argue that the purchaser might have had difficulty in renting the property to another.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

M. H. Hernan for Appellants.

D. Freidenrich and H. C. Reyman for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against him in an action in ejectment. The defendant denied the allegations of the complaint and filed a cross-complaint setting up title to the property in himself.

From the findings, it appears that on February 9, 1917, the defendant executed and delivered to A. Sbarboro and A. E. Sbarboro, as trustees for Italian-American Bank, a deed of trust of the property involved here, to secure the payment of five thousand dollars loaned to defendant by the bank, for which amount he executed his promissory note. It was provided in said deed of trust that if default should be made in the payment of the note when due, that the trustees, on demand of the bank, should sell the property at public auction. Default was made in the payment of the note; the property was sold in accordance with the terms of the deed of trust. The bank purchased the property at the sale and received a deed from the trustees therefor. At the time of the execution of the deed of trust, the defendant was a married man and the property was community property.

It is argued by appellant that the defendant could not pass title to the property by the deed of trust, because the property was community property and the consent of the wife was not secured. Section 172 of the Civil Code is the one applicable to the case, as the property was conveyed by defendant before section 172a became operative. Section 172 of the Civil Code provides that the husband has the management and control of the community property, with the absolute power of disposition, other than testamentary, as he has of his separate estate; provided, how-

ever, that he cannot make a gift of such property, or convey the same without a valuable consideration, unless the wife consent in writing thereto.

Appellants urge that the proof is not sufficient to show that the defendant received a valuable consideration for the execution of this deed of trust. The deed of trust was in evidence and recites a consideration of five thousand dollars, evidenced by a promissory note. The defendant admitted the execution of the deed of trust and did not contradict its recital as to consideration. **[1]** Apart from this fact, even if the conveyance had been made without consideration, the transfer is good as against the husband, even under the provisions of section 172 of the Civil Code. The only person, in any case, who has a right to complain is the wife. (*Spreckels* v. *Spreckels*, 116 Cal. 339, [58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228] ; *Dargie* v. *Patterson*, 176 Cal. 714, [169 Pac. 360].) The wife is not a party to this action and, according to the testimony, she died before its commencement.

The appellant contends, also, that the finding of the court that the rental value of the property was seventy dollars a month is not sustained by the evidence. There is no merit in this contention. The only evidence on this subject was that of two real estate agents, produced by plaintiff, who testified that they were familiar with the property involved in the action, and were familiar with rental values in that district; that the property consisted of two stores and two flats, and had a rental value of from seventy dollars to seventy-five dollars a month. The defendant himself testified that one store and flat were rented by him at thirty-five dollars a month; that he lived in the other flat and considered its rental value ten dollars a month, and that he had placed some of his property in the remaining store; that when that store, so occupied by him, was rented, it had been rented for twenty-five dollars a month. It is true he testified that it was difficult to rent the store he was occupying because there was not a great demand for stores in the neighborhood; but that fact is immaterial. **[2]** If he deprived the plaintiff of the use and value of its property, he is liable for its rental value, and cannot argue that the plaintiff might have had difficulty in renting

the store to someone else. The court found that the rental value of the property was seventy dollars a month, which is in accordance with all of the testimony on the subject, including the testimony of the defendant himself.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.