[Civ. No. 4136. First Appellate District, Division One.—May 3, 1922.]

# EMMA SCOTT, etc., Respondent, v. MILTON W. AUSTIN, as Administrator, etc., Appellant.

[1] HUSBAND AND WIFE—TRANSFER BY HUSBAND—GIFT—SUFFICIENCY OF EVIDENCE.—In this action by the guardian of an insane person to compel the defendant to account for one-half of certain personal property which had been transferred to him by the husband of the ward a few days before the husband's death, the finding that the property was community property and that the transfer was a gift is supported by the evidence.

[2] ID.—MONEY TRANSFERRED — EVIDENCE—ERRONEOUS JUDGMENT.—A judgment awarding the plaintiff one-half of the money transferred was erroneous where it appeared that the husband turned over the same to the defendant three or four weeks before his death for the purpose of paying bills, and that it was used partly for that purpose and partly to defray the funeral expenses of the husband.

[3] ID.—TIME OF ACQUISITION OF PROPERTY — EVIDENCE—BURDEN OF PROOF.—A judgment awarding the plaintiff one-half of certain other personal property transferred was erroneous where it was not shown when such property was acquired, since if the same was acquired before marriage or prior to the amendment of section 172 of the Civil Code, prohibiting gifts of community property without the wife's consent, a gift thereof was within the power of the husband without such consent.

[4] ID.—GIFT OF PERSONAL PROPERTY—RECOVERY BY WIFE SUBSEQUENT TO DEATH OF HUSBAND—ERRONEOUS JUDGMENT—EXEMPTION FROM CLAIMS AND EXPENSES OF ADMINISTRATION.—A wife may not after the death of her husband recover her community interest in personal property given away by him without her consent, freed from the burden imposed upon it by section 1402 of the Civil Code, and a judgment awarding her such one-half free from the claims of creditors and the expenses of administration is erroneous.

1. Insanity of one spouse as affecting other's right to convey community property, note, 1 A. L. R. 1680.

2. Debts or claims for which community property is liable, note, Ann. Cas. 1913A, 319.

APPEAL from a judgment of the Superior Court of Monterey County. Pat R. Parker, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

C. F. Lacey for Appellant.

Wyckoff & Gardner and Daugherty & Theile for Respondent.

KERRIGAN, J.—This is an appeal from a judgment in favor of the plaintiff in an action brought by her guardian to compel the defendant to account for one-half of certain personal property consisting of cash in the sum of $450, and a stock of merchandise and the fixtures of a drug-store, which had been transferred to him by John B. Scott, the husband of plaintiff, a few days before Scott's death.

Plaintiff and her deceased husband intermarried May 14, 1873, and continued to be husband and wife until the death of the former on February 18, 1920. Plaintiff is a patient in the state hospital for the insane at Stockton, California, and has been such for over thirty years. Prior to Scott's death he transferred to the defendant the stock and fixtures of his drug-store and $450 in cash; he also conveyed to him certain real property, in consideration of which conveyance the defendant entered into an agreement in writing whereby he undertook to pay for the support and maintenance of the plaintiff herein "such amounts as from time to time may be fixed or required by the public authorities," and to furnish her with necessary clothing. The court found that the money and personal property was community property of the deceased and plaintiff, and that the turning over of said money and personal property constituted a gift amounting in value to about $6,450 and that the plaintiff had no knowledge and did not consent to said transfer. As matter of law the court concluded that plaintiff was entitled to judgment for one-half of said personal property, and one-half the income and profits thereof from the date of the death of deceased. Interlocutory judgment was rendered accordingly, and the defendant was ordered to account to plaintiff for said

cash, personal property and profits. A referee was appointed for the purpose of rendering such an account. It was further ordered that upon the filing of said referee's report final judgment in favor of plaintiff be entered for one-half of the value of said personal property and one-half of said income and cash, together with costs. From this judgment defendant appeals.

[1] The first contention of the appellant is that the finding of the court that the transfer to him of the fixtures and stock of merchandise was a gift is not supported by the evidence.

On this subject the evidence shows that this transfer was made by a written assignment dated January 31, 1920, and executed by John B. Scott less than three weeks before his death. The day preceding the transfer said Scott conveyed to the defendant a parcel of real property of the value of $20,000, and on the same day the defendant executed and delivered to Scott the following writing:

"Salinas, Cal., January 30, 1920.

"In consideration of a deed of conveyance this day made to me by John B. Scott I hereby agree that from and after the death of said John B. Scott I will pay towards the care and support of his wife, now confined in the asylum for the insane at Stockton, California, such amounts as from time to time may be fixed or required by the public authorities, and will likewise furnish her with necessary clothing.

"This obligation is to continue until the death of the said wife of John B. Scott, and is to bind my heirs, executors and administrators.

"In witness whereof," etc.

The defendant undertook to testify that this agreement on his part was also the consideration for the transfer to him of the personal property; but in this connection he also testified that at the time of the execution and delivery of such assignment nothing was said either by Scott or himself with reference to it. It will be observed that the written agreement recites that the consideration therefor was the conveyance of the real estate made and delivered on the day of the execution and delivery of said agreement, and makes no mention of the transfer of the personal property. It is also significant that at the very time of its transfer

to the defendant he was the holder of a note for $2,000 against Scott, which, notwithstanding said transfer and conveyance was not surrendered to the maker nor agreed to be regarded as paid, and at the time of the trial of this action was still retained by the defendant as an existing obligation against the estate of the deceased. In view of this state of the testimony we think the trial court was amply justified in concluding that the transfer of the personal property was not supported by any valuable consideration.

[2] As we have seen, the judgment awards to the plaintiff one-half the sum of $450, treating it as money given by the decedent to the defendant. The only testimony on this point, however, is that John B. Scott turned over this money to the defendant three or four weeks before his death for the purpose of paying bills against the drug-store, and that it was used partly for that purpose and partly to defray the funeral expenses of the deceased. Under these circumstances, while it would be the duty of the defendant to account to the personal representatives of the deceased for this sum, we do not perceive how this fact entitles the plaintiff to a judgment against the defendant for one-half thereof. To this extent the judgment of the trial court is erroneous.

[3] The third contention of the appellant must also be sustained, namely, that the court erroneously made its judgment cover the fixtures in the drug-store.

The record is totally devoid of evidence as to when this particular property was acquired. It is admitted that the community existed from the year 1873 down to the death of the deceased. If these fixtures were acquired either before marriage or prior to the amendment of section 172 of the Civil Code, prohibiting gifts of community property without the wife's consent, a gift thereof was within the power of the husband without such consent (*Spreckels* v. *Spreckels,* 116 Cal. 339, 349 [58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228]; *Clavo* v. *Clavo,* 10 Cal. App. 447, 449 [102 Pac. 556]). While it is well settled that property acquired by either party to a marriage other than by gift, bequest, devise, or descent is presumed to be community property, there is no presumption as to the time of such acquisition; and a wife makes no case for the setting

aside of a gift by the husband of community property unless she shows that it was acquired subsequent to the going into effect of said amendment.

[4] The appellant's final contention is that the judgment in favor of plaintiff is incorrect in form, because it awards to her one-half of the community property in question free from the claims of creditors and the expenses of administration.

This contention also we think to be correct. Section 1402 of the Civil Code provides that the share of the wife in the community property is equally subject to the debts, family allowance, and charges and expenses of administration. Although the court will at the instance of the wife set aside a voluntary conveyance by the husband of community property so far as it affects the interest therein to which she succeeds at his death, the right to have such relief does not free her moiety of the property from the burden imposed upon it by the provision of the code cited. We think, therefore, that the court should have limited its judgment to declaring the plaintiff to be the owner of an undivided one-half interest in the property in question, subject in common with the remaining property of the estate to the payment of the debts of the decedent, the family allowance, and expenses of administration. It is true that in the case of *Dargie* v. *Patterson,* 176 Cal. 716 [169 Pac. 360], the judgment in terms declared the wife to be the ''owner of an undivided one-half interest in the property in question,'' without this qualifying clause; but in that case the evidence disclosed that such property was but a very small part of the estate, and that there remained ample property to meet such debts and expenses. That it was not intended by the opinion in that case to lay down the rule that the wife may recover her community interest freed from such burden we think is evident from other language used by the court in the same case, namely, ''The privilege of avoiding the gift is conferred upon her [the widow] as a means of protecting her interest in the community property. We see no reason why in assailing the gift she should enjoy greater rights than she would have had if the gift had never been made.''.

The respondent points out that in the case cited the widow was held to be entitled to recover an undivided one-

half interest in certain property voluntarily conveyed by the husband "without regard to the amount or condition of the estate remaining in his hands at the time of his death," but the language quoted was used in disallowing a contention made in that case that the conveyance ought not to be set aside since there was ample property in the estate from which the widow could recoup the loss of her community interest in the property conveyed, and had no reference to the condition of the estate with regard to debts and expenses of administration.

For the errors adverted to we think the judgment should be reversed, and it is so ordered.

Tyler, P. J., and Knight, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 29, 1922.

All the Justices concurred, except Wilbur, J., who voted for rehearing, and Lawlor, J., who was absent.

Shurtleff, J., was also absent and Richards, J., *pro tem.,* was acting.