In the Matter of IDA A. FLAGLER, an Incompetent Person. MARTHA A. MOHR, Appellant; CORNELIUS J. SULLIVAN et al., as Committee, Respondent.

Incompetent persons — allowance out of surplus income for support of collateral relatives — power of court not plenary — allowance may be made only upon convincing proof that incompetent, if sane, would have made it — allowance confined to limits incompetent, if sane, would have reached — Court of Appeals may review facts found by Appellate Division — final order modified by adding thereto provision for allowance.

1. Allowances out of the income of an incompetent person for the support of collateral relatives may be made upon the theory that the lunatic would, in all probability, have made such payments if she had been of sound mind, but the power of the court to dispose of her income is not plenary. It may not be moved by its own generous impulses and in reaching decision may give to moral or charitable considerations only such weight as it finds that the incompetent herself would have given to them.

2. Where, however, the evidence given upon the hearing of an application for an allowance out of the surplus income of an incompetent person, to one of her collateral relatives, leads logically to the conclusion that the incompetent, if sane, would provide some relief for the petitioner and there is nothing therein leading reasonably to a possible inference that she would refuse all help, an allowance should be made, confined to the limits which the incompetent, if sane, would at least have reached.

3. Under section 589 of the Civil Practice Act, the Court of Appeals has jurisdiction to review the facts found by the Appellate Division and where that court has reversed a discretionary order of Special Term, in so far as it made an allowance to the petitioner, and, upon new findings, directed the entry of a final order, that order may be modified by this court so as to add thereto provision for a reasonable payment and allowance.

*Matter of Flagler*, 223 App. Div. 1, modified.

(Submitted June 8, 1928; decided June 21, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered

March 8, 1928, which modified and affirmed as modified an order of Special Term granting an application for an allowance out of the surplus income of Ida A. Flagler, an incompetent person.

*Emmanuel Lewin* for appellant. The testimony clearly indicates that the incompetent if she were sane would have granted the relief requested by the petitioner. (*McKeon* v. *Van Slyck*, 223 N. Y. 392; 3 Wigmore on Evidence [2d ed.], § 1482; *Tuttle* v. *Rainey*, 98 N. Y. 513.) A court of equity has power out of the surplus income of the estate of an incompetent to provide for the support of persons whom the incompetent is not under legal obligation to support, where it appears that such incompetent himself would have provided for such support had he been sane. (*Ex parte Whitbread*, 2 Merivale, 99; *Matter of Frost*, L. R. [5 Ch. App.] 699; *Matter of Beridge*, 50 Law Times, 653; *Matter of Lord*, 227 N. Y. 145; *Matter of Farmers L. & T. Co.*, 181 App. Div. 642; 225 N. Y. 666; *Matter of Whitaker*, L. R. [42 Ch. Div.] 119; *Matter of Heeney*, 2 Barb. Ch. 326; *Matter of Reichard*, N. Y. L. J. Feb. 14, 1919; *Matter of Moore*, N. Y. L. J. Feb. 4, 1926; *Matter of Tash*, 126 Misc. Rep. 764.) The compensation allowed to the attorney was reasonable and proper in view of the question involved, the labors performed, the results attained and other surrounding circumstances. (*People* v. *Bond St. Sav. Bank*, 10 Abb. Cas. 15; *International, etc., R. Co.* v. *Clark*, 81 Tex. 48; *Haussermann* v. *Rahmeyer*, 12 Philippine, 350; *Schlesinger* v. *Dunne*, 73 N. Y. Supp. 1014; *Gross* v. *Moore*, 43 N. Y. Supp. 945; *Potts Estate*, 209 N. Y. Supp. 655.)

*De Lancey Nicoll, Raymond D. Thurber* and *Gerald Donovan* for Cornelius J. Sullivan et al., as committee. The petitioner wholly fails to bring her case within the rules for the granting of such allowances. (*Matter of*

*Willoughby*, 11 Paige, 257; *Matter of Lord*, 227 N. Y. 150; *Matter of Blair*, 1 Mylne & Craig, 300.)

*John G. Agar, Alfred Ely* and *Charles S. Ernst* for Charles F. Shourds et al., respondents. The principles established by the authorities do not warrant the granting of the application. (*Matter of Evans*, L. R. [21 Ch. Div.] 297; *Matter of Darling*, L. R. [39 Ch. Div.] 208; *Matter of Hybart*, 119 N. C. 359; *Lewis* v. *Moody*, 261 S. W. Rep. 673.) Petitioner has not adduced sufficient proof to warrant the granting of her application. (*Matter of Lord*, 227 N. Y. 145.)

LEHMAN, J. Ida A. Flagler, the incompetent, is a widow, seventy-eight years of age. She has no descendants. She is incurably insane. Her estate, as shown by the account of her committee, filed February 21st, 1927, is valued at more than eleven million dollars and her annual income is not far from five hundred thousand dollars. The most liberal provision for her benefit, comfort or enjoyment cannot conceivably call for the expenditure of more than a fraction of her income.

The petitioner, Martha M. Mohr, is a second cousin of the incompetent, Mrs. Flagler. Mrs. Flagler's mother and her grandmother were sisters. She is married and has an adopted child. Both she and her husband are now in middle age and not in good health. They have always lived modestly and worked hard. Their earning capacity has always been small. Advancing years and ill health have now reduced it. The husband is out of work. The wife is earning fifteen dollars per week. They have no other means of support.

When they were more prosperous they managed to buy a small home on the installment plan, saving the money necessary to meet the payments as they came due. Now there are unpaid taxes upon the house of $108 and assess-

27

ments of $200.   The roof of the house must be replaced by order of the town authorities, at a cost of $500.   Other repairs are necessary to preserve the house from rapid decay.   Coal bills, doctor's bills and repair bills are unpaid and Mrs. Mohr has no means of paying them. Misfortune has brought them to want.

These facts were fully established by sufficient evidence upon a reference.   The learned referee reported that upon the evidence he was satisfied that if Mrs. Flagler were now competent and the condition of the petitioner were now presented to her, she would grant the petition of Mrs. Mohr to be relieved of her distress.   The Supreme Court at Special Term, upon the referee's report, has ordered the committee of the incompetent to pay to the petitioner an allowance at the rate of $30 per week, and the further sum of $700 for unpaid taxes, assessments, interest on the mortgage on petitioner's house and for necessary repairs.

The Appellate Division has held that such allowances may not be made by the court.   Convicing proof must be given, it is said, beyond the affluence of the incompetent's estate and the necessities of the applicant that the incompetent person, if sane, would make the allowance asked for, to justify the court in making the allowance.   Here it has been held that such proof has not been given.

If Mrs. Flagler to-day could decide upon the disposition of the income of her great estate, moral or charitable considerations would dictate her decision only to the extent that she felt their force.   Her great affluence might impel her to relieve the distress of her cousin; the law would not compel her to do so if she decided otherwise.   The power of the court to dispose of her income is not plenary.   The court may not be moved by its own generous impulses in the disposition of the income of the incompetent.   In reaching decision it may give to moral or charitable considerations only such weight as

it finds that the incompetent herself would have given to them. Allowances for the support of collateral relatives of the incompetent have been made " upon the theory that the lunatic would, in all probability, have made such payments if he had been of sound mind." (*Matter of Lord*, 227 N. Y. 145.) The Appellate Division correctly held that the allowance made at Special Term may be justified upon no other theory. Upon an examination of the record we find that the evidence leads logically to the conclusion that Mrs. Flagler, if sane, would to-day provide some relief for the petitioner.

Conflicting inferences might be drawn from the evidence as to Mrs. Flagler's spirit of charity and generosity. At least the evidence shows that when she became wealthy, she remained on friendly terms with her poorer relatives. She was interested in learning how they were getting along; she was not unconscious of family ties. She may not have been very generous; perhaps she might have hesitated to assume the burden of providing support over an indefinite period of time for a needy but unfortunate relative. Certainly the evidence shows that at times she did furnish money, though not in large sums, to relieve distressed cousins. Here the distress of the petitioner is acute. If help is not afforded the petitioner will lose her home. No fault or misconduct on the part of the petitioner has contributed to the petitioner's plight or would palliate, if Mrs. Flagler were sane, the selfishness of a refusal to furnish sufficient help to provide for the petitioner's most pressing needs. There is nothing in the evidence which leads reasonably to a possible inference that Mrs. Flagler, if sane, merely for the purpose of adding an infinitesimal fraction to the annual accumulations of income which she cannot use, would refuse all help. Few would so act under the circumstances here disclosed; the evidence does not justify a finding that Mrs. Flagler, if sane, might have been among the few.

The evidence is convincing that Mrs. Flagler, if sane,

would have afforded some help to the petitioner. We confine allowance to the limits which in all probability Mrs. Flagler would, at least, have reached. Perhaps Mrs. Flagler might have been unwilling to do more than provide for her cousin's barest needs. Such a limitation of her help might not be entirely incommensurate with worldly standards. It seems to us that at least Mrs. Flagler would have made an immediate gift of $1,200 to pay taxes, assessments, necessary repairs upon the petitioner's house and past due bills and then an allowance of ten dollars per week to eke out the small sums which petitioner and her husband may earn for their support.

We recognize, of course, that the court has a large field for the exercise of its discretion in granting or withholding an allowance even where justification exists for the invocation of its powers. Here the court at Special Term, in the exercise of its discretion, has made a final order granting the allowance. The final order of the Appellate Division, on the reversal of the order of Special Term, is founded upon new findings of fact, though under our practice these facts need not be separately stated. Except for such new findings the final order would have no foundation. Under section 589 of the Civil Practice Act, this court now has jurisdiction to review the facts found by the Appellate Division.

The order of the Appellate Division should be modified by adding provision for such payment and allowance, together with an allowance of $500 to the attorney of the petitioner, with leave to the committee to apply at any time at the foot of the decree to Special Term for a modification of the decree, and the order affirmed as modified, with costs to the appellant in this court and in the Appellate Division payable out of the surplus income of the incompetent.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG and O'BRIEN, JJ., concur; ANDREWS, J., dissents.

Ordered accordingly.