[Civ. No. 20799.   Second Dist., Div. Two.   June 8, 1955.]

TED MAYR, as Administrator, etc., Appellant, v. BERNARDINA ARANA, Respondent.

James C. Hollingsworth for Appellant.

Gibbs & Gideon for Respondent.

McCOMB, J.—From a judgment in favor of respondent Arana in an interpleader action interpreting an insurance contract, plaintiff appeals.

*Facts*: In September, 1952, Cesar Arana took out an $8,000 life insurance policy in which he named his wife as primary beneficiary, his children as successor beneficiaries, and his mother as final beneficiary.

On February 21, 1953, Cesar Arana and his wife, Ramona, were killed in an automobile accident near Ventura, California. Mr. Arana died instantly; she died. an hour or two later. There were no children of the marriage and the deceased couple left no wills. Mr. Arana was survived by his mother, Bernardina Arana, defendant herein. Mrs. Arana was survived by her parents. Ted Mayr, appellant herein, as the public administrator of Ventura County, was appointed administrator of the estates of both Cesar and Ramona Arana.

On March 24, 1953, appellant Mayr notified the insurance company of Cesar Arana's death and demanded payment of the $8,000 due under the policy. Following this demand the insurance company filed an interpleader action as a result of which Mrs. Bernardina Arana filed a claim to the proceeds as final beneficiary under the policy.

The policy contained, among others, these provisions:

### "SETTLEMENT AGREEMENT

"The sum payable upon the death of the insured shall be applied for the benefit of the following beneficiaries in accordance with the following provisions.

PRIMARY BENEFICIARY————Ramona Myrtle Arana, wife of the insured.

OPTION UNDER WHICH THE SUM PAYABLE

IS TO BE APPLIED FOR PRIMARY BENEFICIARY

——————————————————Option 1

SUCCESSOR BENEFICIARY————————Children of the insured by said wife.

PROVISION FOR SUCCESSOR

BENEFICIARY IF LAST SURVIVING

PRIMARY BENEFICIARY DIES AFTER

THE INSURED————————————————One sum.

OPTION UNDER WHICH THE SUM

PAYABLE IS TO BE APPLIED FOR

SUCCESSOR BENEFICIARY IF NO

PRIMARY BENEFICIARY SURVIVES

THE INSURED: ————————————Option 1 if each share is not less than $1,000; otherwise in one sum.

FINAL BENEFICIARY TO RECEIVE

IN ONE SUM————————————Bernardina Arana, mother of the insured.

SPECIAL PROVISIONS: ————————None."

ORDER OF PAYMENT TO CLASSES OF BENEFICIARIES. Any payments due will be made exclusively to the Primary Beneficiary, if living. If at any time there be no Primary Beneficiary living, any payments due will be made to the Successor Beneficiary, if living. If at any time there be no living Primary or Successor Beneficiary, the then present value of any guaranteed amounts unpaid will be paid in one sum to the Final Beneficiary, if any.

If at any time there is no existing beneficiary (Primary, Successor, or Final), the then present value of any guaranteed amounts unpaid will be paid in one sum to the executors or administrators of the last survivor of the insured and all beneficiaries.

(Page Two A)

OPTION 1—INTEREST. Retained by the company as a fund with payment of interest annually on the then balance of the fund at a rate not less than two per cent per annum, the amount so retained to be payable through withdrawal by the payee, unless otherwise provided, in sums of $100 or multiples thereof.

(Page Four)"

The trial court gave judgment in favor of respondent Arana, the mother of the insured, for the amount of the proceeds of the policy.

*Questions*: First: *Under the terms of the policy was*

*the mother of the deceased, Cesar Arana, or the estate of the deceased wife, Ramona Arana, entitled to the proceeds of the insurance policy?*

We are of the opinion that the finding of the trial court that respondent Bernardina Arana, mother of the deceased, was entitled to the proceeds of the policy was correct. Appellant contends that the proceeds of the policy vested in decedent's wife immediately upon his death, so that upon her death they passed to her estate, and in support of such contention relies on the case of *Rossetti* v. *Hill,* 161 F.2d 549.

In the cited case George A. Hill, Jr., the insured, died. Thirty-nine days thereafter his widow, Genevieve Borlini Hill, who was the direct beneficiary in the policy, died. The Hill children were named in the policy as contingent beneficiaries. The court of appeals in its opinion, at page 550, said:

"But the widow, the direct beneficiary, was alive when insured died, and, therefore, by the terms of the policy the unqualified right to the insurance benefits vested in her at the first point of time occurring after insured's death. The reasoning in *Chartrand* v. *Brace,* 16 Colo. 19 [26 P. 152, 12 L.R.A. 209, 25 Am.St.Rep. 235], and in *Kottman* v. *Minnesota Odd Fellows Mut. Ben. Soc.,* 66 Minn. 88 [68 N.W. 732], is sound, as we see it. All that remained for the widow to have the benefits actually in hand, or, in lieu thereof, the right to it by installments, was to send the proof of death of insured to the insurance company, which was done, and to make and to inform the company of her election as to how she would receive the money, which was never done.

"Neither the insurance company nor anyone else had the slightest claim upon the title to the money, but a burden was upon the company to hold and protect it. The widow died before she communicated her choice of how she would receive the benefits, and since she was entitled to the whole thereof, and the installment option was in lieu thereof, the total of all benefits were payable when the death prevented a choice being made."

We are of the opinion that *Rossetti* v. *Hill* is not applicable to the facts of the present case for the reason that the insurance policy here involved is different than that involved in the cited case. In this case the policy repeatedly states that upon the death of the primary beneficiaries, after the death of the insured, the successor or final beneficiaries take the unpaid proceeds.

The Rossetti case involved a common type of policy which

simply named a "contingent" beneficiary as an alternate to take in case the "direct" beneficiary predeceased the insured. The court there held that since the "direct" beneficiary survived the insured the right of the "contingent" beneficiaries never came into being. There was no language in that policy to indicate that upon the death of the direct beneficiary the contingent beneficiaries were to take the unpaid proceeds.

In the case at bar we find that in four separate clauses the provision is specifically made for payment to the successor or final beneficiary *after the death of a primary beneficiary who survives the insured*. For example, at the bottom of page Two A (*supra*) of the policy under the caption "Order of Payment to Classes of Beneficiaries" the following clauses appear:

"If at any time there be no Primary Beneficiary living . . . the then present value of any guaranteed amounts unpaid will be paid to the Final Beneficiary."

"If at any time there is no existing beneficiary (Primary, Successor, or Final) the then present value of any guaranteed amounts unpaid will be paid in one sum to the executors or administrators of the last survivor of the insured and all beneficiaries."

Again on page 2 of the application form which is attached as a photostatic appendage to the policy, we find that the primary beneficiary is described as "Payee at death of Insured." The successor is described as "Substitute Payee if no Primary Payee living," and the statement is made that "If primary survives the insured the method for successor shall be one sum."

Nowhere does the policy state that the primary beneficiary must die before the insured in order for the successor or the final beneficiary to claim the proceeds. The language is to the contrary. For example, the fifth heavy black line on page Two A of the policy reads:

"Provision for Successor Beneficiary if last surviving Primary Beneficiary dies *after* the insured." (Italics added.)

This clause would be meaningless if, as appellant contends, the policy vested absolutely on the death of the insured in the primary. Obviously there would be nothing to pass on to the successor or final beneficiary upon the death of the primary. The only way in which the clause can be given meaning is to assume that: (a) The insured dies first; (b) then the primary dies before having received all the

payments due under the policy; (c) there are proceeds left which pass to the successor or final beneficiary.

On page 2 of the application form it says, "If Primary survives the insured the method for Successor shall be one sum." Manifestly the primary does not obtain an absolute vested interest in the policy. This is impossible because the policy states explicitly that the successor or final beneficiary, as distinguished from the estate of the primary, is entitled to receive the balance of the policy upon the death of the primary. In addition, on page 2 of the policy entitled "Order of Payment to Classes of Beneficiaries," it reads in part as follows:

"If at any time there be no Primary beneficiary living . . . the then present value of any guaranteed amounts unpaid will be paid to the Final Beneficiary."

The primary need not predecease the insured in order that the final beneficiary take the unpaid balance. On the contrary, the final takes whatever is left of the proceeds whenever the primary dies. In this case the primary, the wife, died an hour after her husband. No part of the proceeds had been paid to her. In fact, she never regained consciousness. Since there was no primary living and no successor beneficiaries (children), the insured's mother as the final beneficiary became entitled to the proceeds the moment the wife died.

Finally, the clause at the bottom of page Two A dealing with payment where no beneficiaries are living, and stating that in such case the proceeds will be paid to the estate of the last survivor of the insured and all beneficiaries is conclusive. Obviously, if the proceeds would go to the estate of the mother, as the last beneficiary to die, rather than to the estate of the primary, it does not make sense to deny to her the proceeds while she is living.

We believe that the holdings in *Northwestern Mut. Life Ins. Co.* v. *Fink*, 118 F.2d 761, and *Peoples Nat. Bank* v. *Northwestern Mut. Life Ins. Co.*, —— Ky. —— [237 S.W.2d 870], are sound and determinative and support the construction of the life insurance policy as written. In the Fink case the court held under facts similar to those at hand that the estate of a primary beneficiary who survived the insured but died before drawing down the proceeds was not entitled thereto as against the successor beneficiary.

In the Peoples National Bank case, after reviewing the decisions on the subject, the court observed that as a general rule if an insurance contract does not contain a provision to

the contrary, the estate of a primary beneficiary who survived the insured but died before receiving the proceeds, took as against a contingent beneficiary. The court then discussed the Fink and Rossetti cases, distinguished them, and concluded that in the case under consideration, the successor beneficiary was entitled to the proceeds rather than the estate of the primary, the court saying, at page 873:

"In the Fink case the court said that to hold the direct beneficiary to have acquired a vested interest would require the addition of the words 'before the death of the insured' to the endorsement and that this would constitute an unauthorized material alteration. It is sufficient to say that in our opinion the insured, by his endorsement as to settlement, manifested clearly an intent that the contingent beneficiary succeed to all the interest in the proceeds of the policy undisposed of by (the Primary) during her lifetime."

This language is pertinent to the present policy. Only by rewriting all the provisions dealing with the rights of beneficiaries and inserting in each the words "before the death of the insured" could appellant's position (that is, that the final takes only where the primary dies before the insured) be upheld.

Second: *In view of the fact that the premiums on the insurance policy were paid with community funds did the estate of decedent's wife have a community interest in the proceeds of the insurance policy?*

This question must be answered in the negative for two reasons:

(1) While it is true that under the California decisions the husband cannot make a gift of community property without his wife's consent, it is likewise settled that unless the wife desires to void the gift and takes action to set it aside the gift is valid. (*Blethen* v. *Pacific Mut. Life Ins. Co.,* 198 Cal. 91, 101 [7] [243 P. 431]; *Pomper* v. *Behnke,* 97 Cal. App. 628, 638 [12, 13] [276 P. 122].)

In the instant case the foregoing rule is applicable since the wife, knowing the terms of the policy, never at any time took any steps to assert her community rights thereunder. On the contrary, the record discloses that the agent who sold the policy testified that Mrs. Ramona Arana stated at the time the policy was issued that she felt the proceeds, if she were not living, should go to the decedent's mother. Since the wife took no steps to invalidate the gift, assuming it to be such, prior to her death, it became valid upon her death.

(*Italian American Bank* v. *Canepa*, 52 Cal.App. 619, 621 [1] [199 P. 55].)

(2) There was not a gift of the proceeds of the policy to respondent since the decedent could have given one half of the proceeds to his mother without his wife's consent, but in consideration of the wife's consenting to the policy whereby she became the primary beneficiary of the entire amount named in the policy she released her community interest, in the event of her death prior to her mother-in-law's, to respondent. (*Cf. Trimble* v. *Trimble*, 219 Cal. 340, 343 [4] [26 P.2d 477].)

In view of our conclusions it is unnecessary to discuss other questions argued in the brief.

Affirmed.

Fox, J., concurred.