In the Matter of JANET M. GRACE, an Incompetent Person. GRACE NATIONAL BANK OF NEW YORK, as a Member of the Committee of the Property of JANET M. GRACE, an Incompetent Person, Respondent; MICHAEL P. GRACE, II, as a Member of the Committee of the Property of JANET M. GRACE, an Incompetent, Appellant, and REAL PROPERTY OWNERS, INC., Intervenor-Respondent.

Second Department, July 18, 1956.

*Albert Cohn, Ralph Stout* and *Morris W. Primoff* for appellant.

*Robert E. Lawther* and *Cecil L. Head* for respondent.

*Myles B. Amend* and *Terence J. Mullen* for intervenor-respondent.

*Francis V. Goggins* for Lerson Realty Corp., *amicus curiæ.*

UGHETTA, J.  One member of the committee of the estate of an incompetent person challenges the propriety of Special Term's exercising its discretion in approving a contract for the sale of the interest of the incompetent in a parcel of real property. This member of the committee participated in the negotiation of the contract and executed the same as committee, as trustee of an estate, and also individually as the owner of a one-fourth interest in the property.  Thereafter, he declined to join in an application made by the other member of the committee to secure judicial approval of the contract and instead opposed the application before the Referee, at Special Term and in this court.

The contract contained provisions which permitted the purchaser, pending the application to secure the court's approval of the sale, to enter upon the premises and make improvements thereon at its peril in the event the court declined to sanction the transaction. Very substantial improvements (the construction of a golf course at a cost in excess of $450,000) were in fact made. Thereafter, offers were received for the purchase of the property, exceeding the amount provided for in the contract under consideration.

Special Term appointed a Referee and an independent appraiser. Extensive hearings were held and the evidence is uncontradicted that the sales price was in excess of the actual value of the property at the time the contract was made. In all likelihood, it was because of the expenditures made by the purchaser that the higher offers were subsequently received. Special Term declined to take into consideration these expenditures in determining whether the interests of the incompetent would be promoted by the consummation of the sale.

It may be true that the monetary value of the estate would be enhanced by rejecting this sale and permitting the committee to accept a higher offer based on the improvements made by the purchaser. But to decide that this is the only factor to be taken into consideration would be tantamount to holding that the court must countenance any conduct on the part of a committee which results in financial benefit to the incompetent's estate.

We do not ascribe any such narrow meaning to the phrase "best interests of the incompetent". More than pecuniary aggrandizement is involved; the moral and spiritual welfare of the ward is a matter of concern. While we should not be moved by our own generous impulses, we may give to ethical considerations such weight as we find the incompetent would have given them. We do not conclude that this incompetent would take advantage of the provisions of this contract to evade obligations entered into after mature and careful consideration, particularly where it appears that the motives for opposing the sale may perhaps be appellant's desire to avail himself of the necessity of procuring judicial approval for the purpose of enhancing his own personal estate. There are many instances where the courts sanction expenditures from an incompetent's estate for the support of collateral relatives and for the making of charitable contributions, gifts, and the like, upon findings that the incompetent if competent would have done so

(see, e.g., *Matter of Flagler*, 248 N. Y. 415). These serve to deplete the assets, yet who would contend that the best interests of the incompetent are not subserved thereby? Consequently, we apprehend that to encourage conduct on the part of a committee bordering on sharp practice for purely financial gain cannot be deemed to be in the incompetent's best interests.

It is true that the expenditures made by the purchaser were at its peril, but they were made in good faith on an assumption that all competent interested parties approved the terms of the contract and that they would not oppose its confirmation. We think implied in such a contract is a condition that a committee which has negotiated and executed it will in good faith seek the court's approval thereof. Appellant has not done so here, and under all the circumstances we shall not interfere with the exercise of discretion by the Special Term, after full and comprehensive hearings before the Referee, in finding that justice and the interests of the incompetent require that the committee live up to the agreement it has entered into, where there is no indication that the contract when made was in any way improvident or improper.

This decision is based on the facts here presented and is not to be regarded as a holding that, absent peculiar and special circumstances, the receipt of a higher offer after a contract has been entered into may not be received as some evidence of value and may not be considered by the court in determining whether such contract should be approved.

The order should be affirmed, with costs to the estate of the incompetent, payable by appellant personally.

KLEINFELD, J. (dissenting). The Special Term, in confirming the Referee's report and rejecting other offers to purchase the property, lapsed into error when it found that no offer exceeded the contract price, taking into consideration the amount expended by the purchaser in improving the property. Equitable as such consideration may appear to be, it is adverse to the interests of the incompetent ward of the court.

Moreover, the record does not support the conclusion of the majority that the higher offers were the result of the improvements made by the purchaser.

Since the two members of the incompetent's committee differed regarding the merits of the application, a special guardian should have been appointed to protect the interests of the incompetent.

WENZEL, Acting P. J., BELDOCK and MURPHY, JJ., concur with UGHETTA, J.; KLEINFELD, J., dissents and votes to reverse the order and to remit the proceeding to the Special Term for further proceedings as indicated, with memorandum.

Order affirmed, with costs to the estate of the incompetent, payable by appellant personally.