■ In the Matter of the Accounting of FRANKLIN J. LAPEIRE et al., as Executors of WILLIAM J. McKAY, Deceased, Appellants. ALICE E. LAPEIRE, Appellant; RUTH G. McKAY, Respondent.— The appeal is from a decree of the Surrogate's Court, Westchester County, construing a will and the codicils thereto so as to direct the executors to accept from respondent, the testator's widow, moneys sufficient to defray estate expenses and to satisfy legacies, thus permitting delivery to her, as residuary legatee, of the common stock of a corporation. Decree unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ. [6 Misc 2d 549.]

■ In the Matter of CORA M. McKITTERICK, an Incompetent. HALLIE DUPONT, Appellant; MARY V. A. LEAVITT et al., Respondents.— Appeal by a relative of the incompetent, unrelated by blood, from an order denying her application for an allowance from the estate of the incompetent in an amount sufficient to provide for her support and maintenance. Order reversed on the facts, with costs to all parties filing briefs, payable out of the estate, and application granted, without costs, to the extent of providing an allowance to appellant of $100 a month beginning June 4, 1956, to be chargeable against such legacy as appellant may be entitled to receive upon the incompetent's death. Allowances from an incompetent's estate for the support of persons not in the incompetent's immediate family have been made on the theory that the incompetent would, in all probability, have made such payments if he had been of sound mind. (Matter of Flagler, 248 N. Y. 415.) The record in this proceeding is sufficient to support a finding that the incompetent, if she had been of sound mind, would have afforded help to appellant in the amount allowed. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.