[S. F. No. 20534. In Bank. Mar. 1, 1962.]

RUSSELL S. HARRIS, as Executor, etc., Plaintiff and Respondent, v. ROLLAND H. HARRIS et al., Defendants and Appellants.

Robert A. Kaiser, Jeremiah F. O'Neill, Jr., and John E. Nolan for Defendants and Appellants.

Clarence De Lancey, Raymond C. Gericke and Myron A. Martin for Plaintiff and Respondent.

TRAYNOR, J.—Defendants appeal from a judgment for plaintiff, executor of the estate of Susie Almeda Harris, in an action to recover community property transferred by her deceased husband without valuable consideration in violation of section 172 of the Civil Code.

Plaintiff is the son of Marshall C. Harris and Susie Almeda Harris and the father of defendant Rolland H. Harris. Marshall and Susie Harris were married in 1894. In 1945 Susie

Harris made a will leaving all her property to Marshall Harris if he was living six months after her death. If he was not then living her property was to go to plaintiff. In 1948 Susie Harris was adjudged an incompetent, and Marshall Harris was appointed her guardian. He relinquished the guardianship and was replaced by plaintiff on March 28, 1957. Susie Harris died on September 26, 1957. Marshall Harris died on December 10, 1957.

Between 1950 and March 28, 1957, Marshall Harris made gifts of community property totalling $29,543.76 to defendants. After March 28, 1957, he gave defendants certain stock, to which the trial court assigned no value, and other assets valued at $26,665.89. The finding of the trial court that Susie Harris was incapable of giving her consent to any of these gifts is amply supported by the record.

Section 172 of the Civil Code provides: ''. . . [T]he husband has the management and control of the community personal property, with like absolute power of disposition, other than testamentary, as he has of his separate estate; provided, however, that he cannot make a gift of such community personal property, or dispose of the same without a valuable consideration . . . without the written consent of the wife.'' ▮▮▮ Gifts made without the consent of the wife are not void, but are voidable at the instance of the wife. (*Trimble* v. *Trimble*, 219 Cal. 340, 344 [26 P.2d 477]; *Spreckels* v. *Spreckels*, 172 Cal. 775, 784 [158 P. 537].) ▮▮▮ If the wife acts to avoid the gift during the continuance of the community, the whole gift will be avoided. (*Britton* v. *Hammell*, 4 Cal.2d 690, 692 [52 P.2d 221].) If she acts after the community has been dissolved, the gift will be avoided to the extent of her one-half interest in the community property transferred. (*Trimble* v. *Trimble, supra,* p. 347.)

Defendant contends that plaintiff cannot maintain this action on the ground that the right to avoid gifts made in violation of section 172 is a right personal to the wife that does not survive her death and cannot be exercised by her executor.

Section 161a of the Civil Code defines the interests of husband and wife in community property: ''The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband as is provided in sections 172 and 172a of the Civil Code. This section shall be construed as defining the respective

interests and rights of husband and wife in the community property.'' Section 161a applies to all property involved in this case, for it was enacted in 1927 and the trial court found that the property was all acquired by the community after 1927. In addition to her rights under section 161a, a wife has absolute power of testamentary disposition over one-half of such property. (Prob. Code, § 201.) Section 172 safeguards these rights by precluding dissipation of her estate without her permission. Unlike the present case, *Estate of Blair,* 42 Cal.2d 728, 730-731 [269 P.2d 612], and *Estate of Bunn,* 33 Cal.2d 897, 900 [206 P.2d 635], on which defendants rely, did not involve the invasion of present and existing property rights or the exercise of a statutory remedy for such invasion.

A cause of action for the violation of a property right survives the death of the owner of the right. (Civ. Code, § 954.) The present interest of a wife in community property and her right to dispose of one-half by will are property rights that are invaded by a husband's gift without her consent. Thus the right to set aside such gifts survives the death of the wife and may be exercised by her personal representative.

The record establishes that the gifts made by Marshall Harris after March 28, 1957, were made without the consent of Susie Harris. The trial court found that she was incapable of giving such consent. Nor was it given by plaintiff while he was her guardian. It could not be given after her death. Therefore it is clear that plaintiff should recover one-half of the property transferred after March 28, 1957.

The gifts made between 1950 and March 28, 1957, present a more difficult question. During this period Marshall Harris was his wife's guardian. If he had power as her guardian to give the consent required by section 172 and validly gave such consent plaintiff cannot set those gifts aside.

Although '' 'neither the general guardian nor a court has the power to dispose of the ward's property by way of gift' [citation], such rigid principle has its exception where allowances from the surplus income of the estate are sought as 'donations for charitable and religious purposes' and with the object of 'carrying out the presumed wishes of' the incompe[te]nt person [citations].'' (*Guardianship of Hall,* 31 Cal.2d 157, 168 [187 P.2d 396].) Allowances for the support of next of kin may also be approved upon a showing that the incompetent would have made them as

suggested. (Prob. Code, § 1558; *Guardianship of Hall, supra*; *Guardianship of Hudelson*, 18 Cal.2d 401, 403-406 [115 P.2d 805]; *In re Guardianship of Brice*, 233 Iowa 183, 186-187 [8 N.W.2d 576]; *In re Johnson*, 111 N.J.Eq. 268, 270 [162 A. 96]; *Matter of Flagler*, 248 N.Y. 415, 418-419 [162 N.E. 471, 59 A.L.R. 649].) ▉▉ A guardian has no authority, however, to make such gifts without prior court permission. (*Guardianship of Hall, supra.*) Defendants do not claim that Marshall Harris secured such permission before, or after, making the contested gifts. Nor have they presented evidence tending to establish that Susie Harris would have approved the gifts had she been competent. The pre-March 28, 1957, gifts, as well as those made after that date, were therefore made without the consent of Susie Harris as required by Civil Code section 172. The trial court correctly determined that plaintiff should recover one-half of all gifts of community property made by Marshall Harris to defendants between 1950 and his death in 1957.

The judgment is affirmed.

Gibson, C. J., Peters, J., White, J., and Dooling, J., concurred.

McCOMB, J.—I dissent. I would reverse the judgment for the reasons expressed by Mr. Justice Shoemaker in the opinion prepared by him for the District Court of Appeal in *Harris v. Harris* (Cal.App.), 16 Cal.Rptr. 561, which, so far as necessary for my purposes, reads:

[]* The defendants' first contention on appeal is that the plaintiff Russell S. Harris, suing as executor of the estate of Susie Almeda Harris, does not have standing to sue to recover one-half of the community property transferred to defendants by Marshall C. Harris. We agree with this contention.

Civil Code, section 172, states (prior to the 1959 amendments), so far as is pertinent: "The husband has the management and control of the community personal property, with like absolute power of disposition, other than testamentary, as he has of his separate estate; *provided, however,* that he cannot make a gift of such community personal property, or dispose of the same without a valuable consideration, or sell, convey, or encumber the furniture, furnishings, or

---

*Brackets together, in this manner [], are used to indicate deletions from the opinion of the District Court of Appeal.

fittings of the home, or the clothing or wearing apparel of the wife or minor children that is community, without the written consent of the wife.''

A review of the California decisions involving Civil Code, section 172, indicates that the husband's transfer of personal community property, without valuable consideration or without the wife's consent, immediately vests the property in the donee subject to avoidance by the *wife* upon proof of facts necessary to that end. (*Spreckels* v. *Spreckels* (1916) 172 Cal. 775, 784 [158 P. 537]; *Trimble* v. *Trimble* (1933) 219 Cal. 340, 344 [26 P.2d 477]; *Mayr* v. *Arana* (1955) 133 Cal. App.2d 471, 477 [284 P.2d 21].) The wife can set aside the transfer of the personal property by the husband, which is without valuable consideration or her consent, in its entirety during the lifetime of her husband. (*Britton* v. *Hammell* (1935) 4 Cal.2d 690 [52 P.2d 221].) After his death, the widow may set aside one-half of the unauthorized transfers (*Trimble* v. *Trimble, supra*), or recover one-half of the value from her husband's estate. (*Fields* v. *Michael* (1949) 91 Cal. App.2d 443, 448 [205 P.2d 402].)

We are of the opinion that the right to so avoid a transfer of community personal property made by the husband in violation of the statute is, however, personal to the wife, intended *solely* for her benefit and her protection (*Italian American Bank* v. *Canepa* (1921) 52 Cal.App. 619, 621 [199 P. 55]; *Pomper* v. *Behnke* (1929) 97 Cal.App. 628, 638 [276 P. 122]; *Blethen* v. *Pacific Mut. Life Ins. Co.* (1926) 198 Cal. 91, 100 [243 P. 431]; *Spreckels* v. *Spreckels, supra*; *Schindler* v. *Schindler* (1954) 126 Cal.App.2d 597, 603 [272 P.2d 566]), although not so personal that a guardian of an incompetent wife during her lifetime would not have the right to maintain an action on her behalf (*Scott* v. *Austin* (1922) 57 Cal.App. 553 [207 P. 710]); the right being purely *personal* to the wife, it must follow that if she, or her guardian in case of incompetency, fails to act during her lifetime to invalidate a gift of community personal property, the gift becomes valid in its entirety. (*United States* v. *Stewart* (1959) 270 F.2d 894, 900 [applying California law]; *Mayr* v. *Arana, supra*; *Italian American Bank* v. *Canepa, supra*.) A personal right, which is not assignable, does not survive the death of the person entitled to it even if the wife is incompetent and the guardian has not acted on her behalf during her life. (*Estate of Blair* (1954) 42 Cal.2d 728, 731, 733 [269 P.2d 612].) []

*Hansen* v. *Bear Film Co., Inc.* (1946) 28 Cal.2d 154 [168 P.2d 946], and *Pearl* v. *Pearl* (1918) 177 Cal. 303 [177 P. 845], cited in respondent's reply brief, concern cases wherein transfers of property were made to parties to be held in trust for the transferor. However, the court in the case before us did not find that the defendants held the property in trust and the citations are inapplicable.

*Stafford* v. *Martinoni* (1923) 192 Cal. 724 [221 P. 919], and *Makeig* v. *United Security Bank & Trust Co.* (1931) 112 Cal.App. 138 [296 P. 673], also cited in respondent's reply brief, concern actions for an accounting of community property which was in the deceased's possession at death, and do not present the same fact situations as found in this case. Likewise, Probate Code, section 201, concerning succession of community property after death, does not affect the husband's management and control during the lifetime of the parties. (*Trimble* v. *Trimble, supra,* at pp. 340, 345, 346.) []

Schauer, J., concurred.

Appellants' petition for a rehearing was denied March 28, 1962. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.