**Damon D. SMITH, By and Through his co-guardian, Valerie SMITH and Wilma Shaw, Plaintiffs,**

**v.**

**The CITY OF RENO, et al., Defendants.**

**No. CV–R–83–268–ECR.**

United States District Court,
D. Nevada.

Feb. 13, 1984.

. Charles R. Zeh, Sparks, Nev., for plaintiffs.

Shamberger, Georgeson, McQuaid & Thompson, Chartered, Reno, Nev., for defendants City of Reno and James F. Parker.

## ORDER

EDWARD C. REED, Jr., District Judge.

*Background*

Plaintiff Damon Smith, through his guardians, is suing the defendnts under 42 U.S.C. §§ 1981 and 1983. The complaint, filed on July 28, 1983, alleges that on October 16, 1977, plaintiff was incarcerated in the Reno jail, that during this incarceration he was found hanged in his cell, and that, although he did not die as a result of this incident, he has suffered severe brain damage that has rendered him incapable of managing his own affairs.

Defendants have filed a motion to dismiss, contending that the action is barred by the three-year limitations period of NRS 11.190. Plaintiff does not dispute the applicability of this statute, but contends that

the limitations period has been tolled under NRS 11.250, which provides in part:

> If a person entitled to bring an action ... be [insane] at the time the cause of action accrued, the time of such disability shall not be a part of the time limited for the commencement of the action.

According to the plaintiff, "insanity" under this statute should be read to include a mental disability resulting in the inability to manage one's affairs. *See* 51 Am. Jur.2d, Limitation of Actions § 187 at 755 (1970).

### Discussion

The Nevada Supreme Court "has taken a conservative attitude toward the statute of limitations." *Servatius v. United Resort Hotels*, 85 Nev. 371, 373, 455 P.2d 621, 623 (1969). It believes that

> [w]hile the plea of the statute of limitations is not an unconscionable defense, it is not such a meritorious defense that either the law or the fact should be strained in aid of it, nor should this court indulge in any presumptions in its favor.

*Id.*

The scope of "insanity" under NRS 11.250 has not been defined by Nevada statutory or decisional law. However, the interpretation advanced by the plaintiff is in accord with that of other jurisdictions. *See* Annot., 9 A.L.R.2d 964, 965 (1950). In this regard, it is particularly instructive to examine Section 352 of the California Code of Civil Procedure, which contains wording that is almost identical to NRS 11.250. California courts have held that

> the finding that [someone] was incapable of caring for his property or transacting business or understanding the nature or effects of his acts was equivalent to a finding in express terms that [he] was

insane within the meaning of the statute of limitations.

*Pearl v. Pearl*, 177 Cal. 303, 177 P. 845, 846 (1918). *See also Gottesman v. Simon*, 169 Cal.App.2d 494, 337 P.2d 906, 909 (1959); 54 C.J.S., Limitation of Actions § 242 at 269 (1948); 51 Am.Jur.2d, *supra*.

Plaintiff's interpretation of the tolling statute is consistent with the Nevada Supreme Court's policy as expressed in *Servatius*, and with the general policies underlying statutes of limitation. A statute of limitations "is intended to run against those who are neglectful of their rights, and who fail to use reasonable and proper diligence in the enforcement thereof." *Neff v. New York Life Ins. Co.*, 30 Cal.2d 165, 180 P.2d 900, 903 (1947). Assuming that the allegations contained in the complaint are true, plaintiff could not have pursued his rights in the manner contemplated by *Neff* even if he had desired to do so.[1] The interpretation of "insanity" found in cases such as *Pearl* is an implicit recognition of that fact.

This Court finds that the complaint herein makes a sufficient allegation that plaintiff has been insane within the meaning of NRS 11.250 since the date of the incident complained of, and that therefore the statute of limitations has been tolled during this period. Accordingly, defendants' motion to dismiss must be denied.

IT IS, THEREFORE, HEREBY ORDERED that defendants' motion to dismiss is denied.

---

1. Defendants argue that

   [t]he statutes do not provide that where, as here, a guardian is not appointed over an incompetent person until after the statute of limitations has passed, the statute of limitations is tolled until a guardian is finally appointed and thereafter finally sees fit to bring a claim on behalf of the ward.

Defendants have cited no authority that supports this position. Indeed, the general rule is that since the right of action vests in the ward, the statute of limitations does not begin to run until the ward's disability is removed, and the failure of a guardian to sue within the limitations period is not a relevant factor. *Gottesman v. Simon*, 169 Cal.App.2d 494, 337 P.2d 906, 912 (1959); Annot., 86 A.L.R.2d 965 (1962).