In the Matter of the Probate of the Will of ELIZABETH P. DONAHUE, Deceased.

Surrogate's Court, New York County, October 8, 1948.

*McLaughlin & Stickles* for Mary Montville, contestant.

*Sidney S. Allen* and *Herman Hoffman* for Helen E. Wolf, as executrix of Elizabeth P. Donahue, deceased, proponent.

*Harold D. Romanow,* special guardian for Leigh J. Montville, Jr., an infant, proponent.

COLLINS, S. The contestant in a probate proceeding appealed from the decree admitting the will to probate by due and timely service of a notice of appeal upon the clerk of this court and the attorney for the proponent. The notice of appeal was neither addressed to the special guardian of infant legatees nor served upon him. The contestant now moves under section 107 of the Civil Practice Act and section 297 of the Surrogate's Court Act for permission to serve an amended notice of appeal upon the special guardian and the attorney for the proponent. The proposed amendment is to consist merely of the addition of the special guardian's name at the foot of the notice.

The respondents on this motion contend that this court has no authority to grant any relief to the moving party. Section 297 of the Surrogate's Court Act reads: " Where the appel-

lant, seasonably and in good faith, serves the notice of appeal, either upon the clerk or upon the adverse party, or his attorney, but omits, through mistake, inadvertence, or excusable neglect, to serve it upon the other, or to do any other act, necessary to perfect the appeal * * * the *court, in or to which the appeal is taken,* upon proof, by affidavit, of the facts, may, in its discretion, permit the omission to be supplied, or an amendment to be made, upon such terms as justice requires." (Italics supplied.) Section 107 of the Civil Practice Act is in text almost identical. In *Waldo* v. *Schmidt* (200 N. Y. 199, 203, 204) the Court of Appeals construed the text, " the court, in or to which the appeal is taken ". There the appeal was to the Court of Appeals from an order of the Appellate Division. The court said: " An application to amend such a notice, if addressed to the Supreme Court, must be made to the Appellate Division, for that is the court *in* which the appeal is taken. * * * This power of amendment is distinctly limited to two courts, and the limitation necessarily excludes any other. As applied to the case at bar, these two courts are the Appellate Division, *in* which the appeal was taken, and the Court of Appeals, *to* which the appeal was taken."

The court accordingly holds that the Surrogate's Court, being the court in which the appeal was taken, is authorized by section 297 to permit the defects therein stated to be supplied in a proper case.

It is further argued that since the notice of appeal heretofore served was not addressed to the special guardian, he is not a party to the appeal and can be made a party pursuant to section 289 of the Surrogate's Court Act, only by order of the appellate court. The section reads: " Each party who has appeared in the special proceeding in the surrogate's court, must be made a party to the appeal. A person not a party, may be brought in by an order of the appellate court, made after the appeal is taken, in such manner as the order may prescribe."

The special guardian appeared and actively participated in the proceeding and concededly must be made a party to the appeal. He becomes a party to the appeal not by addressing him at the foot of the notice of appeal but by service upon him " of a written notice, referring to the decree or order appealed from, and stating that the appellant appeals from the same, or from a specified part thereof." (Surrogate's Ct. Act, § 293.) The failure to serve such a notice upon the special

guardian was an omission which this court is expressly author-
ized to allow the appellant to supply.

It is unnecessary to serve a further notice of the appeal
upon the attorney for the proponent or the clerk of the court
since it is conceded that seasonable service has been made
upon them. The court being satisfied that the omission to
serve the special guardian was due to mistake and inadvertence,
the appellant will be granted permission to serve the notice of
appeal upon him within five days from the date of the
order herein.

Submit order on notice accordingly.