Stephen A. WISE, Plaintiff,

v.

Harry BERMAN, and Charles A. Savage and Virgil L. Milbrath, as Guardians of the property of Harry Berman, Defendants.

No. 67-5-Civ-Oc.

United States District Court
M. D. Florida,
Ocala Division.

July 19, 1967

Sherwin P. Simmons, Albert C. O'Neill, Jr., Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, Fla., Stephen A. Wise, Layton, Niedergang & Wise, New York City, for plaintiff.

Virgil L. Milbrath, Milbrath & Walkup, Charles A. Savage, Savage & Krim, Ocala, Fla., for defendants.

## ORDER

WILLIAM A. McRAE, Jr., District Judge.

Plaintiff is here seeking full faith and credit for a judgment entered by the Supreme Court of New York on April 14, 1966. The award was made for legal services rendered to Mrs. Harry Berman, wife of the defendant Harry Berman.

Harry Berman was adjudicated an incompetent by order of the Supreme Court of the State of New York, County of New York, on July 10, 1963. Subsequent to that adjudication, plaintiff rendered extensive legal services in behalf of Mrs. Berman for which the New York court awarded him fees in the amount of $15,-463.56. Plaintiff has filed a Motion for Summary Judgment in his action for that amount and the defendants have cross-filed a similar motion. It is conceded by counsel for both sides that the case should be decided by summary judgment.

Defendants seek to avoid application of full faith and credit on a number of grounds:

First, the defendants, Charles A. Savage and Virgil L. Milbrath, guardians of the property of Harry Berman, maintain they were not parties to the New York judgment. The New York committee resigned at the suggestion of the present defendant, Charles A. Savage, after Harry Berman had moved to Florida. The County Judge's Court of Marion County then appointed the defendants as successor guardians, in full recognition of the previous committee in New York state. The guardians, duly appointed to replace their New York predecessors, must take the liabilities along with the assets of the estate. It is well settled that

a party who succeeds to the interests of another party after an action is bound with reference to the subject. Restatement of Judgments § 89. In addition the New York court, in discharging the New York committee, granted Plaintiff's motion for the judgment to run against the incompetent personally, as well as his guardians. Therefore, although the present guardians were not named individually in the New York judgment, it must run against them in their capacity as guardians of the estate of Harry Berman.

◼ Secondly, defendants maintain plaintiff was not a party to the New York suit and that the action was not adversary in nature. Plaintiff represented the wife, Mrs. Harry Berman, a necessary party to proceedings concerning her husband's competency. New York Mental Hygiene Law, McKinney's Consol. Laws, c. 27, § 101(4). It is evident from the Order of the New York Supreme Court dated February 2, 1965, that plaintiff appeared as an attorney before the court and that the court appointed guardians ad litem, indicating the proceeding was in fact adversary in nature.

◼ Thirdly, defendants contend the judgment was contrary to New York law. Section 101 of the New York Mental Hygiene Law limits the award in a "proceeding for declaration of incompetency and appointment of committee generally" to $150.00 and disbursements. That limitation is not here applicable since plaintiff's entry into the case was after the initial proceedings to declare incompetency. See, Matter of Berman, 21 A.D.2d 136, 248 N.Y.S.2d 963 (N.Y. 1st. Dept.Sup.Ct.1964). Counsel fees in subsequent proceedings are not limited by the provision governing the initial proceedings and may exceed $150.00. Matter of Flagler, 248 N.Y. 415, 420, 162 N.E. 471, 59 A.L.R. 649 (1928). The New York committee was duly recognized by both the courts of Florida and New York. The judgment entered against Harry Berman, personally, and against his guardians was not appealed and must be considered final by this Court.

◼◼ The stated purpose of the full faith and credit clause of the United States Constitution is to "[avoid] relitigation in other states of adjudicated issues." Sutton v. Leib, 342 U.S. 402, 407, 72 S.Ct. 398, 402, 96 L.Ed. 448 (1952). The Supreme Court of New York determined the fees due plaintiff for his services, and it is not for this Court to question that determination. The full faith and credit clause of the United States Constitution demands that we recognize that judgment as binding.

Therefore, it is

Ordered:

◼ 1. Plaintiff's Motion for Summary Judgment is granted, and judgment is hereby entered for plaintiff.

2. Defendants' Cross Motion for Summary Judgment is denied.

3. Defendants' Motion to Strike is rendered moot.