In the Matter of KIAMESHA CONCORD, INC., et al., Appellants, *v.* MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent; NEW YORK STATE HOTEL & MOTEL ASSOCIATION, INC., et al., Intervenors, NEW YORK STATE COUNCIL OF HOTEL & RESTAURANT EMPLOYEES & BARTENDERS INTERNATIONAL UNION, AFL-CIO et al., Intervenors-Respondents.

Third Department, November 22, 1967.

*Goldstein & Goldstein* (*David Farber* and *Carl P. Goldstein* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Ruth V. Iles, Ruth Kessler Toch* and *Jerome Lefkowitz* of counsel), for Industrial Commissioner, respondent.

*Lord, Day & Lord* (*Gerald A. Navagh* of counsel), for New York State Hotel & Motel Association, Inc., and others, intervenors.

*Cohen & Glickstein* (*Samuel Harris Cohen* of counsel), for New York Hotel & Motel Trades Council, intervenor-respondent.

*Herbert A. Simon* for New York State Council of Hotel & Restaurant Employees & Bartenders International Union, AFL-CIO, intervenor-respondent.

*Edward C. Maguire* for New York State AFL-CIO, intervenor-respondent.

STALEY, JR., J. These are appeals pursuant to provisions of section 657 of the Labor Law from a decision and order of the Board of Standards and Appeals confirming a minimum wage order for the hotel industry.

The State Minimum Wage Act (L. 1966, ch. 649) established a statutory minimum wage of $1.50 per hour effective January 1, 1967 and $1.60 per hour effective February 1, 1968.

On August 10, 1966 the Industrial Commissioner appointed a single Wage Board for the hotel industry to inquire into and to recommend modifications in allowances and regulations which might be necessary or appropriate to carry out the purposes of the minimum wage act (Labor Law, §§ 652, 655). The Wage Board held 15 separate sessions at which evidence was presented, and also held several public hearings at which interested persons were given an opportunity to testify.

On November 9, 1966 the Wage Board reported its recommendations in a majority report approved by the members representing employees and the public members with the three employer members dissenting.

Its recommendations were as follows:

1. On January 1, 1967 an increase in the allowance for tips from 35 cents an hour to 45 cents an hour, and the tip allowance for chambermaids in resort hotels increased from 15 cents an hour to 22½ cents an hour.

2. On February 1, 1968 an increase in the allowance for tips from 45 cents an hour to 47½ cents an hour, and the tip allowance for chambermaids in resort hotels increased from 22½ cents an hour to 25 cents an hour.

3. There was no modification of the meal and lodging allowances under the then current hotel wage order.

Upon receipt of the Wage Board's report, the Industrial Commissioner gave public notice of the filing of the report, and afforded those interested in the report an opportunity to file objections, and held two public hearings at which interested persons were given an opportunity to express their opinions.

On December 1, 1966 the Industrial Commissioner promulgated the minimum wage order for the hotel industry which, in effect, incorporated the recommendations of the Wage Board regarding tip allowances and lodging allowances, and raised the per meal allowance to 55 cents per meal from the former allowance of 50 cents per meal. On March 2, 1967 the Board of Standards and Appeals unanimously confirmed the order of the Industrial Commissioner.

Permission has been granted to interested representatives of employers and employees to intervene and file briefs, which briefs have been helpful to the court on this appeal.

The main issues on this appeal are: first, whether or not the Wage Board's determinations were made in accordance with its statutory authority, and statutory standards and procedures; and, secondly, whether or not the findings of fact made by the Industrial Commissioner are supported by the evidence.

Subdivision 7 of section 651 of the Labor Law defines "wages" as follows: "7. 'Wage' includes allowances, in the amount determined in accordance with the provisions of this article, for gratuities and, when furnished by the employer to his employees, for meals, lodging, apparel, and other such items, services and facilities."

Subdivisions 2 and 3 of section 652 of the Labor Law provide in part as follows: "2. * * * In making modifications under this subdivision, the commissioner shall determine (i) the amount, if any, to be allowed for gratuities and, when furnished by the employer to his employees, for meals, lodging, apparel, and other such items, services and facilities (hereinafter referred to as 'allowances'), (ii) the changes in regulations contained in such minimum wage orders as he deems necessary or appropriate to safeguard the minimum wage provided in subdivision one of this section".

"3. * * * the determination of allowances and regulations by the commissioner pursuant to the provisions of this section shall be made upon the recommendation of a single wage board appointed by him".

Section 654 of the Labor Law provides as follows: "§ 654. Basis of changes in minimum wage. In establishing minimum wages and regulations for any occupation or occupations pursuant to the provisions of the following sections of this article, the wage board and the commissioner shall consider the amount sufficient to provide adequate maintenance and to protect health and, in addition, the wage board and the commissioner shall consider the value of the work or classification of work performed, and the wages paid in the state for work of like or comparable character."

Paragraph (b) of subdivision 5 of section 655 of the Labor Law provides as follows: " (b) In addition to recommendations for minimum wages, the wage board may recommend such regulations as it deems appropriate to carry out the purposes of such article and to safeguard minimum wages. * * * Such recommended regulations may also include, but are not limited to * * * allowances for gratuities and, when furnished by the employer to his employees, for meals, lodging, apparel and other such items, services and facilities."

The appellants contend that the Wage Board and the Commissioner erred in considering and applying the criteria set forth in section 654 in their determination of allowances and regulations, and that section 654 can only be applied to a determination of a minimum wage and not an allowance.

Article 19 of the Labor Law contains the statutory framework for establishing and maintaining minimum wage standards for the State. The sections of that article, hereinbefore cited, establish that the definition of "wage" includes allowances for gratuities, meals and lodging; that the Commissioner shall determine the amount of such allowances; that his determination of allowances and regulations shall be made upon the recommendation of a single Wage Board appointed by him; and that certain criteria shall be considered by a Wage Board and the Commissioner when acting pursuant to the provisions of the sections 655 and 656 of the Labor Law.

Section 654 expressly provides that the Wage Board and Commissioner *shall* consider the criteria set forth therein in establishing minimum wages and regulations under the provisions of sections 655 and 656. Since paragraph (b) of subdivision 5 of section 655 states that, among the other recommendations which a Wage Board may make, are those with respect to allowances for gratuities, meals and lodging, it would be contrary to the purpose and spirit of article 19 to hold that the board and Commissioner erred in taking into consideration the provisions of section 654 in making their

determinations as to allowances which are offsets against the dollar amount set by statute as a minimum wage needed to provide adequate maintenance for persons employed and their families. The Wage Board and the Commissioner were justified in considering the basic purpose of article 19 and the provisions of section 654 in making a determination of allowances and regulations.

The second contention of the appellants is that the determinations made by the Wage Board and the Commissioner were not supported by the evidence. This was a factual determination supported by adequate evidence and should be sustained. (Labor Law, § 657; *Matter of Kiamesha Concord* v. *Lewis*, 15 A D 2d 702; *Matter of Wells Plaza Corp [Catherwood]*, 10 A D 2d 209, affd. 8 N Y 2d 975.)

The appellants also contend that the Commissioner failed to comply with the procedural regulations of section 656 of the Labor Law in that he did not give a five days' notice for oral argument to persons who had filed objections to the report. The Commissioner published a notice of the report as required by statute and further noticed public hearings 15 days thereafter on two successive days. The contention of the appellants that they were not given five days' notice of the public hearing is inconsequential. The statute states that the Commissioner may order oral argument and is, therefore, discretionary. In any event it appears that all persons interested had full and adequate opportunity to be heard and no prejudice to anyone has been shown.

The decision and order should be affirmed, without costs.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Decision and order affirmed, without costs.