In the Matter of CARROLS DEVELOPMENT CORPORATION, Petitioner, v PHILIP ROSS, as Industrial Commissioner, et al., Respondents.

Fourth Department, February 26, 1982

### APPEARANCES OF COUNSEL

*Melvin M. Slotnick* for petitioner.

*Robert Abrams, Attorney-General (John Q. Driscoll* and *William J. Kogan* of counsel), for respondents.

### OPINION OF THE COURT

HANCOCK, JR., J.

This CPLR article 78 proceeding (transferred pursuant to CPLR 7804, subd [g]) presents a challenge to the propriety of three minimum wage compliance orders issued by the Industrial Commissioner. Petitioner operates a chain of drive-in and indoor motion picture theatres. Certain of its employees work at candy counters in its indoor theatres or at concession stands and snack bars at its outdoor drive-in theatres. In his orders of compliance, the commissioner

has directed that the employees working at the counters in the indoor theatres be paid in accordance with the minimum wage order pertaining to the retail and wholesale trade industry (12 NYCRR Part 139), and the employees at the outdoor concession stands in accordance with the minimum wage order covering the restaurant industry (12 NYCRR Part 137). Petitioner's objections to the compliance orders are that these employees are in the amusement and recreation industry and that, accordingly, the lesser rate prescribed by the minimum wage order for employees in that industry (12 NYCRR Part 140) should apply. On appeal pursuant to section 658 of the Labor Law, the Industrial Board of Appeals affirmed unanimously. We confirm.

The sole issue involves the commissioner's policy, implemented in his several wage orders, pertaining to employees of an employer in one industry governed by one minimum wage order who perform tasks typically performed by employees in another industry governed by another minimum wage order. In such cases, the employees are paid in accordance with the minimum wage order of their employer's industry or of the industry pertaining to their particular occupation, whichever is higher. Identical provisions implementing such policy are contained in the seven different minimum wage orders relating to the specific industries set forth in title 12 of the Official Compilation of Codes, Rules and Regulations of the State of New York. The provision in the minimum wage order for the amusement and recreation industry is typical (12 NYCRR 140-2.6): "Employment covered by more than one wage order. An employee in the amusement and recreation industry who works for the same employer at an occupation governed by another New York State minimum wage order * * * shall be paid for all hours of working time for that day or week in accordance with the minimum wage standard contained in the minimum wage order for such other industry or the amusement and recreation industry, whichever is higher".*

---

* Similar provisions are contained in:
12 NYCRR 135-2.6 — laundry-cleaning and dyeing industry.
12 NYCRR 136-2.6 — beauty service industry.

Turning to the proceeding before us, the parties agree that inasmuch as its primary service is providing "amusement, entertainment, or recreation" (12 NYCRR 140-3.1 [a]), petitioner is in the amusement and recreation industry and its employees, including those in question, are properly classified as coming within that minimum wage order (12 NYCRR Part 140). The Industrial Board of Appeals has, after a hearing, affirmed the commissioner's classifications of those employees who work at the indoor theatre counters selling candy, popcorn, and other packaged items as also being in the retail and wholesale trade and of those operating snack bars and selling prepared food at the drive-in theatres as also being in the restaurant industry.

Petitioner does not dispute that the work performed by these employees is of a type ordinarily performed by employees in the retail and restaurant industries. Rather, petitioner contends that because it, as the employer, is solely in the amusement and recreation industry and because the employment of its candy counter and snack bar employees is within that industry and their work is confined to the theatre premises and to the hours during which the theatres are open and limited to serving theatre patrons, their employment within the amusement and recreation industry should preclude their classification within any other industry and their consequent inclusion in another minimum wage order. Petitioner notes that the definition of each industry relates solely to the nature of the establishment or facility operated or the services provided by the employer, not to the type of tasks performed by the employee (see, e.g., 12 NYCRR 137-3.1, 140-3.1), and that in the operative provisions of each minimum wage order it is the industry of the employer, not the nature of the work of the employee, which governs the wage rate (see, e.g., 12 NYCRR 137-1.1, 140-1.1). It argues that the commissioner's compliance orders which direct petitioner to pay its employees according to the industry

12 NYCRR 137-2.6 — restaurant industry.
12 NYCRR 138-3.8 — hotel industry.
12 NYCRR 139-2.6 — retail and wholesale trade industry.
12 NYCRR 140-2.6 — amusement and recreation industry.
12 NYCRR 141-2.11 — building service industry.

encompassing the tasks they perform despite the fact that it, as their employer, is solely in the amusement and recreation industry conflicts with the express mandate that "[e]very employer in the amusement and recreation industry shall pay to each employee, as defined in this Part, not less than the minimum wage rates provided in this Part" (12 NYCRR 140-1.1).

While expressing some sympathy for petitioner's position and recognizing the existence of the conflict, the Industrial Board of Appeals rejected the arguments. The board stated that "[t]he clear purpose and intent of Subpart 2.6 is * * * in situations in which an employer conducts operations requiring the performance of different occupations, to give the employee the benefit of the standards of the industry in which the occupation is performed." It held that the commissioner's long-standing application of 12 NYCRR 140-2.6 and parallel provisions in this and similar cases had a rational basis and furthered the purpose of that regulation and of the minimum wage laws in general, which is to ensure that employees receive wages sufficient "to provide adequate maintenance for themselves and their families" (Labor Law, § 650).

Our function in reviewing the construction by the commissioner, approved by the appeal board, of regulations he has promulgated pursuant to a statutory grant of authority (Labor Law, § 21; art 19) is " 'exhausted when there is found to be a rational basis for the conclusions approved by the administrative body' " (*Ostrer v Schenck,* 41 NY2d 782, 786, quoting *Mississippi Val. Barge Co. v United States,* 292 US 282, 286-287; see *Matter of Johnson v Joy,* 48 NY2d 689, 691; McKinney's Cons Laws of NY, Book 1, Statutes, § 129). We cannot say that there was no "rational basis" for the commissioner's interpretation of 12 NYCRR 140-2.6. Our conclusion is strengthened by the fact that this interpretation is consistent with a long-continued and well-established practice (see *Matter of Wells Plaza Corp.* [*Industrial Comr. of State of N.Y. — New York Hotel Trades Council AFL-CIO*], 10 AD2d 209, 218, affd 8 NY2d 975; *Matter of Kolb v Holling,* 285 NY 104, 112; McKinney's Cons Laws of NY, Book 1, Statutes, § 129) and with the general purpose and spirit of the Minimum Wage Act

(see Labor Law, § 650; McKinney's Cons Laws of NY, Book 1, Statutes, § 96). Moreover, if we should uphold petitioner's position that the primary classification of an employee as being within the industry of the employer rules out his classification in any other industry, the purpose of 12 NYCRR 140-2.6 and the comparable provisions in other sections would be defeated and those provisions rendered meaningless. It is an established canon of construction that "all parts of an enactment shall be harmonized with each other as well as with the general intent of the whole enactment, and meaning and effect given to all provisions" thereof (McKinney's Cons Laws of NY, Book 1, Statutes, § 98).

The determination of the Industrial Board of Appeals should be confirmed and the petition dismissed.

DILLON, P. J., DOERR, DENMAN and MOULE, JJ., concur.

Determination unanimously confirmed and petition dismissed, without costs.