■ In the Matter of DUSTY B. and Others, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VENUS B., Appellant, et al., Respondent. (Appeal No. 1.) [705 NYS2d 548] —Order unanimously affirmed without costs for reasons stated in decision at Erie County Family Court, Townsend, J. (Appeal from Order of Erie County Family Court, Townsend, J.—Terminate Parental Rights.) Present—Pine, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.

■ In the Matter of DUSTY B. and Others, Children Alleged to be Permanently Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VENUS B., Appellant, et al., Respondent. (Appeal No. 2.) [705 NYS2d 914] —Appeal unanimously dismissed without costs (see, Matter of Roy D., 207 AD2d 958, 958-959). (Appeal from Order of Erie County Family Court, Townsend, J.—Permanent Neglect.) Present—Pine, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.

■ BLAIR J. SINGER et al., Appellants, v TOWN OF TONAWANDA, Respondent. [705 NYS2d 546] —Order unanimously reversed on the law with costs and motion denied. Memorandum: Supreme Court erred in granting defendant's oral motion to toll plaintiffs' entitlement to statutory prejudgment interest between November 10, 1998 and March 18, 1999. Plaintiffs' request that the trial on damages be adjourned from November 10, 1998 to March 18, 1999 did not alter the entitlement of plaintiffs to prejudgment interest from the date of entry of the order granting them partial summary judgment on liability (see, Love v State of New York, 78 NY2d 540, 544; see also, Dingle v Prudential Prop. & Cas. Ins. Co., 85 NY2d 657; Hayes v City of New York, 264 AD2d 610). (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Interest.) Present—Pine, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.