■ In the Matter of NEW YORK STATE RESTAURANT ASSOCIATION, INC., Petitioner, v COMMISSIONER OF LABOR et al., Respondents. [847 NYS2d 244]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Labor Law § 657 [2]) to review a determination of respondent Industrial Board of Appeals which confirmed a minimum wage order issued by respondent Commissioner of Labor increasing the cash wage paid to certain food service workers.

In 2000, the Legislature amended Labor Law § 652 to provide that food service workers, who receive tips and are therefore paid a cash wage that is less than the state's minimum hourly wage, would receive "a cash wage of at least [$3.30] per hour . . . provided that the tips of such an employee, when added to such cash wage, are equal to or exceed the minimum wage" then in effect (L 2000, ch 14, § 4). Labor Law § 653 (2) was also amended to require that respondent Commissioner of Labor, within six months of enactment of any change in the general minimum hourly wage provision, Labor Law § 652 (1), appoint a wage board to report and recommend any necessary changes to "wage orders governing wages payable to food service workers" (L 2000, ch 14, § 5). That requirement was triggered in 2004 when the Legislature enacted the Empire State Wage Act of 2004 providing for incremental increases over the following three years in both the general minimum hourly wage and the cash wage to be paid to food service workers (see Labor Law § 652 [1], [4]; L 2004, ch 747, § 2).*

In June 2005, the Commissioner issued a modified minimum wage order reflecting, among other things, the statutory increases in the cash wage for food service workers specified by

---

* Specifically, the general minimum wage was to be increased to $6.00, $6.75 and $7.15, and the cash wage for food service workers was to be increased to $3.85, $4.35 and $4.60 in January 2005, 2006 and 2007, respectively (see Labor Law § 652 [1], [4]; L 2004, ch 747, § 2).

the Legislature (*see* 12 NYCRR 137-1.5, 138-2.1 [c]). In addition, the Commissioner appointed a wage board to make recommendations regarding that wage order. The wage board held public hearings and, thereafter, submitted a report to the Commissioner recommending that no change be made to the wage order. Following annulment on procedural grounds of the Commissioner's initial acceptance of the wage board's report, the Commissioner approved the wage order with no change to the cash wage amounts for food service workers set forth by the Legislature in Labor Law § 652 (4). Petitioner, an employer association representing approximately 8,000 members comprised of restaurants and eating establishments, appealed to respondent Industrial Board of Appeals (hereinafter IBA). After a hearing, the IBA confirmed the wage order and this CPLR article 78 proceeding challenging the IBA's determination ensued.

Initially, we note that a CPLR article 78 proceeding commenced in this Court is not the appropriate procedural vehicle for petitioner's challenges; rather, the proper method of obtaining review of a decision of the IBA is by appeal taken directly to this Court, within 60 days after the decision is issued (*see* Labor Law § 657 [2]; *Matter of Wells Plaza Corp. [Industrial Commr. of State of N.Y.—New York Hotel Trades Council, AFL-CIO]*, 10 AD2d 209, 211-212 [1960], *affd* 8 NY2d 975 [1960]). Nonetheless, the record is adequate to permit appellate review and respondents claim no prejudice. Moreover, the notice of petition was timely served within 60 days, specified the decision of which petitioner seeks review, and referenced Labor Law § 657 (2) as authority for this Court's jurisdiction. We, therefore, exercise our authority to convert this CPLR article 78 proceeding into a direct appeal (*see* CPLR 103 [c]; 5515 [1]; *Matter of Katherine B. v Cataldo*, 5 NY3d 196, 201 n 1 [2005]; *see generally County of Sullivan v Edward L. Nezelek, Inc.*, 42 NY2d 123, 126 [1977]).

Turning to the merits, petitioner asserts that the IBA erred in confirming the Commissioner's wage order because that order was contrary to law in two respects. First, it asserts that the Commissioner misconstrued her statutory authority in determining that she could not set a cash wage for food service workers lower than the cash wage set by the Legislature in amending Labor Law § 652 (4) in 2004, over the Governor's veto. Second, it claims that the Commissioner erred in determining that, assuming she could set a lower cash wage, she was constrained to consider only what wage level would be "sufficient to provide adequate maintenance and to protect the health and livelihood" of food service workers (Labor Law § 653 [2]).

Petitioner's argument that the Commissioner is authorized to set a cash wage lower than that specified by the Legislature in Labor Law § 652 (4) is contradicted by the language of the statute itself, which expressly mandates that the cash wage shall be "at least" $3.85, $4.35 and $4.60, effective January 2005, 2006 and 2007, respectively. Further, Labor Law § 655 (5), which governs the powers of the wage board, provides that "[i]n no event . . . shall any minimum wage recommended by the board be less than the wage specified in section [652] of this chapter." Inasmuch as the cash wage set forth above is a "wage specified in section [652]," we conclude that the wage board and the Commissioner may not decrease the minimum amounts of the cash wage set forth by the Legislature in that section.

Contrary to petitioner's argument, reversal is not compelled by the proviso in Labor Law § 652 (4) stating that a different cash wage may be established pursuant to Labor Law § 653. Section 653 (2) states that after a change is made to the minimum wage set forth in section 652 (1)—that is, after a change to the general minimum wage, rather than the cash wage to be paid to food service workers under section 652 (4)—the wage board must review "[a]ny wage order authorizing a lesser wage than the previously and statutorily mandated minimum wage for such employees." As the Commissioner noted, the proviso in section 652 (4) was enacted prior to the 2004 amendment of that subsection to mandate the specific increases in the cash wage at issue and would have permitted the Commissioner to specify a cash wage less than the general minimum wage set forth in section 652 (1) had the Legislature not done so itself. Petitioner's interpretation of the proviso as permitting the Commissioner to set a lower minimum cash wage for food service workers than the wage specified by the Legislature for such workers is in direct conflict with Labor Law § 655 (5), which prohibits the board from recommending "any minimum wage . . . less than the wage specified in section [652]," as explained above. Given that exceptions to Labor Law article 19 "are to be narrowly construed so as not to frustrate the legislative purpose underlying its enactment" (*Matter of Settlement Home Care v Industrial Bd. of Appeals of Dept. of Labor of State of N.Y.*, 151 AD2d 580, 581 [1989]) and that " 'all parts of an enactment shall be harmonized with each other as well as with the general intent of the whole enactment' " (*Matter of Carrols Dev. Corp. v Ross*, 85 AD2d 104, 108 [1982], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 98), petitioner's interpretation simply cannot stand.

In sum, we conclude that the IBA properly determined that

the Commissioner did not act contrary to law in finding that Labor Law § 655 (5) prohibits establishment of a cash wage less than any such wage specified by the Legislature in Labor Law § 652 (4) (*see generally* Labor Law § 657 [2]; *Matter of Kiamesha Concord v Catherwood*, 28 AD2d 275, 278-279 [1967]) and, thus, its determination must be affirmed. Petitioner's assertion that the Commissioner could consider additional factors beyond whether a wage was sufficient to provide food service workers with adequate maintenance and to protect their health and livelihood in setting a *lower* wage than that set forth in section 652 (4) is academic. Its remaining argument has been considered and found to be lacking in merit.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.