[919 NE2d 177, 891 NYS2d 6]

M ENTERTAINMENT, INC., et al., Appellants, v LAURENCE LEY-DIER, Respondent, et al., Defendants.

Decided October 27, 2009

APPEARANCES OF COUNSEL

*Bienstock & Michael, P.C.,* New York City (*Randall S.D. Jacobs* of counsel), for appellants.

*Satterlee Stephens Burke & Burke LLP,* New York City (*Christopher R. Belmonte* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and the matter remitted to that Court for further proceedings in accordance with this memorandum.

The Appellate Division erred in concluding that plaintiffs' noncompliance with the requirement that mail service be accomplished by mailing "within the state" (*see* CPLR 2103 [b] [2]; [f] [1]) constituted a "fatal jurisdictional defect" requiring the dismissal of plaintiffs' appeal against Lawrence Leydier. CPLR 5520 (a) provides:

> "If an appellant either serves or files a timely notice of appeal or notice of motion for permission to appeal, but neglects through mistake or excusable neglect to do another required act within the time limited, the court from or to which the appeal is taken or the court of original instance may grant an extension of time for curing the omission."

Plaintiffs here timely filed their notice of appeal with the New York County Clerk's office, thus authorizing the Appellate Division to determine whether to exercise its discretion pursuant to CPLR 5520 (a). By contrast, the movants in *Cipriani v Green* (96 NY2d 821 [2001], *rearg denied* 97 NY2d 639 [2001]) and

*National Org. for Women v Metropolitan Life Ins. Co.* (70 NY2d 939 [1988], *rearg denied* 71 NY2d 890 [1988]) not only failed to timely serve their notices of motion for leave to appeal, but they also failed to timely file those papers with this Court. Thus, in those cases, the Court could not invoke its discretionary authority under CPLR 5520 (a).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed, etc.