■ CHARLES AUGUR, Appellant, v RAYMOND AUGUR, Respondent, et al., Defendant. [917 NYS2d 918]—

Egan Jr., J.

Plaintiff commenced this action against defendant Raymond Auger (hereinafter defendant), his father, to impose a construc-

---

tive trust on certain real property owned by his parents. Upon defendant's motion for summary judgment, Supreme Court, sua sponte, deemed defendant's mother a necessary party given the undisputed fact that the property at issue was owned by plaintiff's parents as tenants by the entirety. The court added the mother as a party to the action and proceeded, by the same order, to grant summary judgment dismissing the complaint.

Plaintiff served defendant with the notice of appeal, but not the mother, who apparently is estranged from defendant. CPLR 5515 (1) requires that a notice of appeal be served upon the adverse parties.[1] Given the lack of compliance with the statute with regard to service (see CPLR 5515 [1])[2] and the potential for prejudice, the appeal must be dismissed.

Rose, Kavanagh and McCarthy, JJ., concur; Cardona, P.J., not taking part. Ordered that the appeal is dismissed, without costs.

---

1. In fact, there is no indication that the mother is even aware that she has been made a party to this action.

2. No motion was made during the pendency of this appeal regarding this omission of service.