Matter of Henry (2018 NY Slip Op 01746)





Matter of Henry


2018 NY Slip Op 01746


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


229 CA 17-01234

[*1]IN THE MATTER OF THE ESTATE OF THEODORE K. HENRY, DECEASED. THE HOMESTEAD AT SOLDIER'S AND SAILOR'S MEMORIAL HOSPITAL, OBJECTANT-APPELLANT; BRUCE T. HENRY AND RICHARD B. HENRY, CO-EXECUTORS OF THE ESTATE OF THEODORE K. HENRY, DECEASED, RESPONDENTS-RESPONDENTS. 






MICHAEL D. CALARCO, NEWARK, FOR OBJECTANT-APPELLANT. 
LECLAIR KORONA VAHEY COLE LLP, ROCHESTER (JEREMY M. SHER OF COUNSEL), FOR RESPONDENT-RESPONDENT BRUCE T. HENRY, CO-EXECUTOR OF THE ESTATE OF THEODORE K. HENRY, DECEASED.
HARRIS BEACH PLLC, PITTSFORD (KARA E. STODDART OF COUNSEL), FOR RESPONDENT-RESPONDENT RICHARD B. HENRY, CO-EXECUTOR OF THE ESTATE OF THEODORE K. HENRY, DECEASED. 


 Appeal from an order of the Surrogate's Court, Yates County (Dennis F. Bender, S.), entered August 22, 2016. The order denied the motion of objectant for an order, inter alia, striking the accounting and granted the cross motion of respondents for, among other things, summary judgment dismissing the objections. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Decedent lived in a nursing home operated by objectant until he passed away in November 2008. After waiting several years, objectant commenced a proceeding seeking to recover the costs of decedent's care, but the proceeding was dismissed. Objectant thereafter submitted a claim for the costs of that care to decedent's estate, and when respondents (hereafter, coexecutors) denied the claim as untimely, objectant commenced this proceeding seeking a compulsory accounting of decedent's estate and related relief pursuant to SCPA 2205. The coexecutors subsequently filed a final accounting of the estate. Objectant filed objections and points of law and thereafter moved for an order, inter alia, striking the accounting, and the coexecutors cross-moved for, among other relief, summary judgment dismissing the objections. By order filed and served with notice of entry on August 25, 2016, Surrogate's Court denied the motion and granted the cross motion. Objectant purported to file a notice of appeal dated August 31, 2016, but mistakenly filed it in the Yates County Clerk's Office rather than in Surrogate's Court. Objectant also sent a copy of the notice of appeal to counsel for the coexecutors by email, although the parties agree that counsel had not agreed to accept service in that manner, and there is no indication in the record that any prior papers had been served by email. It appears that the notice of appeal reached the County Clerk's Office on September 8, 2016. By letter dated September 27, 2016, the Yates County Clerk rejected the notice of appeal on the ground that it was filed in the wrong venue, and remitted it to objectant's counsel. Objectant electronically filed an "Amended Notice of Appeal" in Surrogate's Court on October 3, 2016 using the New York State Courts Electronic Filing System (see 22 NYCRR 207.4-aa [a]). We agree with the coexecutors that objectant did not timely file or serve a notice of appeal, and we therefore dismiss the appeal.
Pursuant to CPLR 5513 (a), a notice of appeal must be served within 30 days of service [*2]of the order from which the appeal is taken, with notice of entry thereof. An additional five days is added where, as here, the order and notice of entry are served by mail (see CPLR 5513 [d]; see also CPLR 2103 [b] [2]). Furthermore, the CPLR provides that "[a]n appeal shall be taken by serving on the adverse party a notice of appeal and filing it in the office where the judgment or order of the court of original instance is entered" (CPLR 5515 [1]) and, in this instance, the order was filed in Surrogate's Court. Thus, to bring a timely appeal, objectant was required to serve the notice of appeal on the opposing party and to file the notice of appeal in Surrogate's Court by September 29, 2016 (see CPLR 5515 [1]). "A complete failure to comply with CPLR 5515 deprives this Court of jurisdiction to entertain the appeal" (AXA Equit. Life Ins. Co. v Kalina, 101 AD3d 1655, 1657 [4th Dept 2012]; see M Entertainment, Inc. v Leydier, 13 NY3d 827, 828-829 [2009]).
Here, there was such a complete failure. Although objectant's attorney sent the notice of appeal to the attorneys for the opposing parties, he did so by email, and objectant concedes that neither coexecutor agreed to accept service in that manner. In addition, although objectant's attorney attempted to file the notice of appeal, he did not do so in the correct venue (cf. Perlbinder v Board of Mgrs. of 411 E. 53rd St. Condominium, 154 AD3d 467, 468 [1st Dept 2017], lv denied 30 NY3d 910 [2018]). "A timely notice of appeal is a jurisdictional prerequisite, and the time to take an appeal cannot be extended [where, as here,] the notice of appeal was neither timely filed nor served" (Matter of Jones v Coughlin, 207 AD2d 1037, 1037 [4th Dept 1994]; see Murphy v Niagara Frontier Transp. Auth., 207 AD2d 1038, 1038 [4th Dept 1994]; see also Cappiello v Cappiello, 66 NY2d 107, 108-109 [1985]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court