Matter of Community Hous. Improvement Program v Commissioner of Labor (2018 NY Slip Op 07391)





Matter of Community Hous. Improvement Program v Commissioner of Labor


2018 NY Slip Op 07391


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

526211

[*1]In the Matter of COMMUNITY HOUSING IMPROVEMENT PROGRAM, Appellant,
v
COMMISSIONER OF LABOR, Respondent.

Calendar Date: September 5, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Greenberg Traurig LLP, New York City (Jerrold F. Goldberg of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York City (Seth Kupferberg of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a decision of the Industrial Board of Appeals, filed March 24, 2017, which dismissed petitioner's application to review and set aside a portion of the amended minimum wage order issued by respondent for the building service industry.
This is a direct appeal, pursuant to Labor Law § 657 (2), from a decision of the Industrial Board of Appeals (hereinafter IBA) dated March 24, 2017 that denied petitioner's application to review and set aside a portion of a minimum wage order for the building service industry. Labor Law § 657 (2) provides that an appeal from a decision of the IBA regarding wage orders must be taken directly to this Court within 60 days after the order is issued. Petitioner filed a notice of appeal with this Court on May 11, 2017 and served it by regular mail sent on May 10, 2017 to respondent's general counsel at an incorrect address.
As a threshold matter, we must consider respondent's argument that this Court lacks subject matter jurisdiction to entertain the appeal because petitioner failed to properly file or serve a notice of appeal [FN1]. "An appeal shall be taken by serving on the adverse party a notice of appeal and filing it in the office where the judgment or order of the court of original instance is entered" (CPLR 5515 [1]). To properly bring an appeal, petitioner was required to complete both steps by timely filing a notice of appeal in the proper court and by serving it on respondent. Where only one of these steps is properly completed, the court has the discretion to "grant an [*2]extension of time for curing the omission" (CPLR 5520 [a])[FN2]. Notably, however, "[a] complete failure to comply with CPLR 5515 deprives this Court of jurisdiction to entertain the appeal" (Matter of Henry, 159 AD3d 1393, 1394 [2018] [internal quotation marks and citations omitted]; see M Entertainment, Inc. v Leydier, 13 NY3d 827, 828-829 [2009]; AXA Equit. Life Ins. Co. v Kalina, 101 AD3d 1655, 1657 [2012]; Matter of Johnson v Smith, 80 AD3d 931, 932 [2011]).
Petitioner completely failed to comply with CPLR 5515. The notice of appeal that was filed with this Court was ineffective because CPLR 5515 (1) requires that a notice of appeal be filed in "the court of original instance." When exercising its appellate jurisdiction, this Court is not the court of original jurisdiction. Where there is an appeal from an administrative determination, rather than a court order or judgment, the administrative body responsible for making the final determination is the court of original jurisdiction (see e.g. Matter of Odessa-Montour Cent. School Dist. v New York State Pub. Empl. Relations Bd., 228 AD2d 892, 894 [1996]; Matter of Deposit Cent. School Dist. v Public Empl. Relations Bd., 214 AD2d 288, 291 [1995], lv dismissed and denied 88 NY2d 866 [1996]). We note that this principle is further illustrated by the requirement that notices of appeal from decisions of the Workers' Compensation Board and the Unemployment Insurance Appeal Board must be filed with the appropriate board that made the decision being appealed, not with this Court. Thus, we conclude that for appeals that are to be made directly to this Court pursuant to Labor Law § 657, the IBA is the court of original instance where the notice of appeal must be filed.
Petitioner likewise failed to timely serve a notice of appeal on respondent. Interlocutory papers may be served on an attorney by mailing them to him or her "at the address designated by that attorney for that purpose" (CPLR 2103 [b] [2]). Here, it is undisputed that the notice of appeal was mailed to respondent's general counsel at an incorrect address. The record contains two addresses for respondent's general counsel — one in the City of Albany and the second at 75 Varick Street in the City of New York — but the notice of appeal was sent to 120 Broadway in the City of New York, where an office of the Attorney General is located. Service is not completed within the meaning of CPLR 2103 (b) (2) when, as here, papers are mailed to the wrong address (see Jagmohan v City of New York, 14 AD3d 491, 492 [2005], lv denied 4 NY3d 708 [2005]). We further note that the failure to comply with all of the relevant provisions of CPLR 2103 prevents service from being made pursuant thereto (see M Entertainment, Inc. v Leydier, 13 NY3d at 828 [notice of appeal was not served because it was mailed from New Jersey, rather than from within New York, as was then required by CPLR 2103 (b) (2)]; Matter of Henry, 159 AD3d at 1395 [notice of appeal was not served because it was sent to counsel for the opposing parties by email, who had not agreed, pursuant to CPLR 2103 (b) (7), to accept service in that manner]). Thus, we lack jurisdiction to entertain the appeal.
McCarthy, J.P., Lynch, Clark and Mulvey, JJ. concur.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: We previously denied respondent's motion to dismiss the appeal, without prejudice to the issue being raised on the argument of the appeal.

Footnote 2: In each of the following cases cited by petitioner, the court had discretion to overlook a defect in filing or service because the other required step had been timely completed (see Matter of Deraway v Bulk Stor., Inc., 51 AD3d 1313, 1314 n 1 [2008] [filing was timely]; Matter of New York State Rest. Assn., Inc. v Commissioner of Labor, 45 AD3d 1133, 1134 [2007] [service was timely], lv denied 10 NY3d 703 [2008]; Peck v Ernst Bros., 81 AD2d 940, 940-941 [1981] [filing was timely]; Gamble v Gamble, 23 AD2d 887, 887 [1965] [service was timely]; Matter of Berman, 21 AD2d 136, 139 [1964] [filing was timely]).