Gibbs v State Farm Fire & Cas. Co. (2019 NY Slip Op 01021)





Gibbs v State Farm Fire & Cas. Co.


2019 NY Slip Op 01021


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


1091 CA 17-01540

[*1]PAULA L. GIBBS, PLAINTIFF-APPELLANT,
v
STATE FARM FIRE AND CASUALTY COMPANY, DEFENDANT-RESPONDENT.






PAULA L. GIBBS, PLAINTIFF-APPELLANT PRO SE. 
MURA & STORM, PLLC, BUFFALO (ROY A. MURA OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered July 18, 2017. The order, among other things, granted the motion of Zdarsky Sawicki & Agostinelli LLP and Gerald T. Walsh to withdraw as counsel for plaintiff and granted Zdarsky Sawicki & Agostinelli LLP a charging lien, pursuant to Judiciary Law 
§ 475, on the proceeds of any amount recovered by plaintiff in this action.
It is hereby ORDERED that said appeal is unanimously dismissed insofar as it concerns plaintiff's former counsel, Zdarsky Sawicki & Agostinelli LLP and Gerald T. Walsh, and the order is modified on the law by vacating the seventh ordering paragraph and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for breach of a homeowner's insurance policy issued by defendant as a result of defendant's refusal to pay plaintiff under the policy after her home suffered water damage. Following trial, the jury returned a verdict finding defendant liable for breach of the policy and awarding damages. Supreme Court, however, ordered a new trial on damages to the dwelling and additional living expenses unless plaintiff stipulated to reduced awards, and we affirmed on appeal (Gibbs v State Farm Fire & Cas. Co., 137 AD3d 1618 [4th Dept 2016]). Prior to commencement of the new trial on damages, the court granted the motion of plaintiff's counsel, Zdarsky Sawicki & Agostinelli LLP and Gerald T. Walsh (former counsel), to withdraw from representing plaintiff and for a charging lien on the proceeds of any amount recovered by plaintiff in the action and, among other things, adjourned the scheduled new trial on damages, stayed the proceedings, and granted defendant's request to toll plaintiff's entitlement to prejudgment statutory interest on any award until the commencement of the new trial on damages. Plaintiff appeals.
At the outset, we dismiss the appeal insofar as it concerns former counsel. In relevant part, CPLR 5515 (1) provides that "[a]n appeal shall be taken by serving on the adverse party a notice of appeal and filing it in the office where the judgment or order of the court of original instance is entered." "A complete failure to comply with CPLR 5515 deprives this Court of jurisdiction to entertain the appeal . . . Where, however, the appellant either serves or files a timely notice of appeal . . . , but neglects through mistake or excusable neglect to do another required act within the time limited, the court . . . may grant an extension of time for curing the omission' " (AXA Equit. Life Ins. Co. v Kalina, 101 AD3d 1655, 1657 [4th Dept 2012], quoting CPLR 5520 [a]; see M Entertainment, Inc. v Leydier, 13 NY3d 827, 828-829 [2009]). Here, plaintiff neglected to serve former counsel with the notice of appeal, but she did not completely fail to comply with CPLR 5515 (1) inasmuch as the notice of appeal was timely filed and timely served upon defendant (see CPLR 2103 [b] [2]; [c]; 5513 [d]). We are "thus authoriz[ed] . . . to determine whether to exercise [our] discretion pursuant to CPLR 5520 (a)" (M Entertainment, Inc., 13 NY3d at 828; see Matter of Leonard v Regan, 167 AD2d 790, 791 [3d Dept 1990]). Nonetheless, inasmuch as plaintiff has not requested such relief and former counsel has not filed [*2]a brief, and given the potential for prejudice, we decline to exercise our discretion pursuant to CPLR 5520 (a) to allow plaintiff an extension of time to cure the omission (see Augur v Augur, 82 AD3d 1342, 1343 [3d Dept 2011]; cf. Matter of Miranda F. [Kevin D.], 91 AD3d 1303, 1304 [4th Dept 2012]).
With respect to the appeal insofar as it concerns defendant, we agree with plaintiff that the court erred in tolling her entitlement to prejudgment statutory interest on any award until the commencement of the new trial on damages. We therefore modify the order accordingly. Any delay of the new trial on damages attributable to plaintiff on the basis that she caused former counsel to withdraw for just cause is of no moment inasmuch as "prejudgment interest must be calculated from the date that liability is established regardless of which party is responsible for the delay, if any, in the assessment of the plaintiff's damages" (Love v State of New York, 78 NY2d 540, 544 [1991]; see CPLR 5002; St. Lawrence Factory Stores v Ogdensburg Bridge & Port Auth., 121 AD3d 1226, 1229 [3d Dept 2014], lv denied 25 NY3d 907 [2015], rearg denied 26 NY3d 948 [2015]; Singer v Town of Tonawanda, 270 AD2d 962, 962 [4th Dept 2000]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court